**In the Matter of Robert L. DELONEY.**

**No. 1183S401.**

Supreme Court of Indiana.

Nov. 5, 1984.

Robert L. Deloney, Gary, pro se.

Gregory M. Fudge, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

### DISCIPLINARY ACTION

PER CURIAM.

This disciplinary matter is before us on a verified complaint charging the Respondent with three counts of misconduct arising out of the same incident. The Hearing Officer appointed pursuant to A.D. Rule 23, has submitted his findings and conclusions. Neither party has petitioned for review of the tendered findings.

There being no objection to the tendered findings, the Hearing Officer's report is now approved. In accordance with such report, we now find that the Respondent, a duly licensed attorney, in April, 1978, was retained by Laverne Davis and Willie Taylor to pursue an uninsured motorist claim against State Farm Fire and Casualty Company.

In August, 1981, the Respondent settled the claim of Davis and Taylor with State Farm for a total of $3,000. As a result, the Respondent received two drafts. One draft was in the amount of $2,350 and was made payable to Laverne Davis, Doris Jean Davis and the Respondent. The other draft was for $650 and was payable to Willie Taylor and the Respondent. The Respondent forged the name of Doris Jean Davis to a power of attorney in order to obtain the settlement payment of the $2,350 check issued by State Farm. On August 26, 1981, the Respondent negotiated the $2,350 check, drew $800 in cash and deposited $1,550 in an account with the Gary National Bank in the names of "Robert L. or Evelyn H. Deloney, Trust Account". On August 24, 1981, he negotiated the $650 check, drawing $50 in cash and depositing $600 in another account in the Gary National Bank in the name of "Attorney Robert L. Deloney". The above two accounts were personal accounts used to pay the Respondent's business and other expenses. The "Trust Account" had numerous overdrafts in August, November and December of 1981; the "attorney" account of the Respondent had overdrafts in July, November and December of 1981.

Until about February, 1983, the Respondent misrepresented to Davis that a settlement had not been reached with State Farm. In fact, he had settled the case without his client's knowledge, and had received payment. He had, on behalf of his

clients, filed a Motion to Dismiss, which, among other things, stated as follows:

Come now the plaintiffs by their attorney and now show(s) to the Court that all claims herein against the defendant have been fully paid and satisfied and this cause of action has been amicably settled between the parties. Plaintiffs do now move the Court to dismiss this cause as to defendant, State Farm Fire and Casualty Company, with prejudice. Costs paid.

The case was dismissed on September 1, 1981. Taylor was not paid until the early part of 1982; Davis was paid on January 6, 1984, with a cashiers check for $3,600.

Respondent's actions, as set out above, constitute violations of several Disciplinary Rules. He settled his clients' claim without their approval or knowledge; forged signatures; took, held and used moneys which belonged to his clients; failed to disclose receipt of said funds; failed to keep them segregated from his own; and failed to keep accurate records. From these findings it is abundantly clear that the Respondent engaged in the misconduct as charged; he violated Disciplinary Rules 1–102(A)(4), (5) and (6), Disciplinary Rule 5–106A, Disciplinary Rules 7–102(A)(4) and (5) and, Disciplinary Rules 9–102(A) and (B) of the *Code of Professional Responsibility for Attorneys at Law.*

By his conduct, the Respondent has breached a paramount duty of the attorney-client relationship, that of trust. Misuse of client's funds, deceit and forgery cannot be condoned. Respondent's actions reflect adversely not only on his own professional status but on the integrity of the entire profession. This Court would be remiss in its Constitutional duty to maintain a competent Bar were we to tolerate such conduct. Upon evaluating the factors for determination of an appropriate sanction, [See *In re Ewers,* (Ind.1984) 467 N.E.2d 1184; *In re Gorman,* (1978) 269 Ind. 236, 379 N.E.2d 970; *In re Vincent,* (1978) 268 Ind. 101, 374 N.E.2d 40] we conclude that the serious nature of the misconduct, its negative reflection on the integrity of the Bar, and the dangers to which the public may be subjected, necessitate that the Respondent be disbarred.

It is, therefore, ordered that the Respondent, Robert L. Deloney, be and he hereby is disbarred as an attorney in the State of Indiana.

Costs of this proceeding are assessed against the Respondent.