**In the Matter of Cletus H. BRAULT, Jr.**

No. 384S86.

Supreme Court of Indiana.

Dec. 28, 1984.

William T. Enslen, Hammond, for respondent.

Sheldon A. Breskow, Executive Secretary, Gregory M. Fudge, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission has filed a Verified Complaint for Disciplinary Action charging the Respondent, Cletus H. Brault, Jr. with several violations, all arising out of the same incident. The Hearing Officer appointed pursuant to Admission and Discipline Rule 23, Section 11(b), has submitted his Findings of Facts and Conclusions of Law which are in accordance with a "Stipulation as to Facts" tendered by the parties. Neither party has petitioned for review.

In accordance with the established review process for disciplinary cases, this Court has examined all matters presented herein and now finds that the Respondent, Cletus H. Brault, Jr., was admitted to the practice of law in Indiana in 1969. He was the attorney for the estate of Paul Malara, which estate was opened on January 9, 1976, in the Lake Superior Court. The Respondent was also the attorney for the guardianship estate of Joyce Malara, the incompetent sole heir of Paul Malara. The latter estate was opened on May 24, 1977, in the Lake Superior Court.

In the summer of 1977, Donna Campbell was employed as a law clerk in Respondent's office. In May of 1977, the Lake Superior Court granted Respondent's petition to have Donna Campbell appointed guardian over the estate and person of Joyce Malara. Also in May of 1977, the Court approved the sale of real estate by Joseph Mika, the Administrator of the estate of Paul Malara, and, on September 13, 1977, the Court ordered Mika to distribute the estate assets of $16,697.56.

Shortly thereafter, Mika turned the estate funds over to the Respondent. The Respondent neglected to close the Estate of Paul Malara for almost six years after

the Court had ordered distribution of the assets. The Respondent did not deposit the estate assets into a separate or a trust account, nor did he pay the assets to Campbell or to her ward. The Respondent converted the estate assets to his own personal use and benefit.

When Campbell was notified in July of 1980 of a delinquency in the payment of her guardianship bond premiums, she telephoned the Respondent, who then misrepresented to her that both estates had been settled. The Respondent made like misrepresentations to Mika and to Campbell's attorney, Richard Anderson.

On December 17, 1982, the trial court ordered a status conference hearing in the guardianship matter. Thereafter, the Respondent informed attorney Anderson that said conference had been continued, when in fact no request for continuance had been received by the Court or by any of the interested parties.

When requested by Anderson in the summer of 1983 to turn the funds over to Campbell, the Respondent stated he did not have the estate assets and would have to obtain a loan in order to distribute said funds to the guardian. On August 8, 1983, the Respondent gave Donna Campbell, guardian, a cashier's check in the amount of $16,481.61 with the remitter being Cletus Brault, Sr. On August 12, 1983, the Respondent filed an Amended Final Account of the estate, and the Court approved the same and adjudged the estate closed.

From the foregoing findings, we conclude that the Respondent engaged in the charged misconduct and, thus, violated Disciplinary Rules 1–102(A)(4)(5) and (6), 6–101(A)(3), 9–102(A) and 9–102(B)(1), (3) and (4) of the *Code of Professional Responsibility for Attorneys at Law*.

Evaluating the particular nature of Respondent's misconduct, we find that he failed to promptly turn over client's funds and converted and misused the same; he engaged in deceit and misrepresentation; he failed to close an estate for more than five (5) years after distribution of the assets had been ordered by the trial court.

In doing so, the Respondent has acted in blatant disregard for his fiduciary duty to his client and of his professional duty to uphold the integrity and honor of his profession. Misuse of client's funds will not be tolerated, and this Court has often expressed its strong disapproval of such actions. See gen., *In re Deloney* (1984), Ind. 470 N.E.2d 65; *In Re Hayes, Jr.* (1984), Ind. 467 N.E.2d 20. In this instance, the extreme seriousness of the misconduct, its negative impact on the public, and this Court's responsibility to preserve the integrity of and to maintain a competent Bar necessitate that sanction of disbarment be imposed.

IT IS, THEREFORE, ORDERED that the Respondent be' and he hereby is disbarred as an attorney in the State of Indiana.

Costs of this proceeding are assessed against the Respondent.