**In the Matter of John C. KORYL.**

**No. 684 S 221.**

Supreme Court of Indiana.

Aug. 16, 1985.

Robert S. Bechert, Fort Wayne, for respondent.

Sheldon A. Breskow, Gregory M. Fudge, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent in this cause, has been charged with professional misconduct in a four count complaint filed by the Disciplinary Commission of this Court. Pursuant to Admission and Discipline Rule 23, Section 11(d), the parties now have tendered to this Court a "Statement of Circumstances and Conditional Agreement for Discipline." Additionally, Respondent has filed his affidavit in accordance with Section 17(a) of this rule.

It is agreed that, as alleged under Count I of the Verified Complaint filed in this cause, the Respondent was employed to file a joint petition for bankruptcy. Thereafter, Respondent failed to keep office appointments or return the calls of these clients.

It is agreed under Count II that Respondent was consulted to represent a party in a suit to obtain title to certain real property. Respondent did not file the suit (because he was not given the necessary documentation), but also failed to notify his client that the suit had not been filed and that he was not actively representing this client.

Under Count III, the parties agree that Respondent was retained to pursue a debt collection matter for an out-of-state financial institution. Three years later the financial institution made repeated requests for status reports on this collection matter, but the requested reports were never provided.

Lastly, under Count IV, it is agreed that, as charged in the Verified Complaint filed in this cause, the Respondent, upon notification of the grievance filed against him as previously set forth under Count III, was requested to provide a written response to the Allen County Bar Association. Thereafter, Respondent failed to keep appointments with the investigator and failed to provide requested documents as promised. Respondent still did not provide the information even though he was advised by the Disciplinary Commission that an additional charge would be filed, to-wit: an alleged failure to cooperate with the Disciplinary Commission.

Although the parties have not specified what particular acts violate designated provisions of the Code of Professional Responsibility, they do agree that, in toto, the Respondent should be given a public reprimand for his professional behavior.

At first blush it would appear that all four counts demonstrate neglect and a disregard of professional duties. There is no question as to the pernicious nature of delay and neglect and this Court has re-

peatedly admonished lawyers to conduct their professional responsibilities in a fashion which promotes confidence in the legal system. Respondent has not complied with acceptable standards of performance in this regard and should be sanctioned.

There must, however, be a distinction drawn between the first three counts of the complaint and Count IV, failure to cooperate with our Disciplinary Commission. Respondent clearly owed a duty to his clients which he neglected and was charged under Counts I, II, and III. But the duty to cooperate with the Disciplinary Commission is not fiduciary and is clearly distinguishable.

This Court has previously addressed the question of a lawyer's responsibility to cooperate in the disciplinary process. In finding no misconduct on the part of the Respondent, in *In re Allen (1984)*, 470 N.E.2d 1312, this Court noted:

> An attorney who is the subject of a grievance and investigation has a duty to cooperate in said process. During the proceeding there may be instances where a Respondent's conduct could be such as to constitute independent grounds for disciplinary charges. This duty to cooperate does not, needless to say, require an admission of violation, nor does it preclude the advocacy of a theory of defense which is contradictory to the allegations of misconduct.

Our previous ruling did not alter the Rules of Procedure for disciplinary proceedings. Under this procedure a response to a grievance is permissive or optional with the Respondent. Admission and Discipline Rule 23, Section 10(a). In fact, Respondent does not have to answer a complaint and still the Commission would be required to bear the burden of proof on all allegations. Admission and Discipline Rule 23, Section 14(a). If there is a necessity to gather information and documents, the parties may seek to obtain such matters in the same general fashion as any civil litigant, through discovery. Admission and Discipline Rule 23, Section 14(b).

 Respondent's duty to cooperate does require compliance with professional standards when confronting the Disciplinary Commission as an opponent in litigation. *In re Allen, Supra., In re Crumpacker* (1978), 269 Ind. 630, 383 N.E.2d 36. But the Disciplinary Commission cannot use its authority to charge misconduct as a substitute for normal channels of discovery or to force a response which is otherwise permissive.

In the present proceeding, the agreed facts do not make it clear whether the Respondent's failure to respond involved professional misconduct under the Disciplinary Rules or merely amounted to unguarded pre-litigation discourse. As noted before, the parties have not specifically agreed that the acts set forth under Count IV constituted misconduct and this Court accordingly notes that we do not so specifically find in this cause.

On the other hand the parties have agreed that the Respondent's acts under all four counts of the complaint involve misconduct which warrants the sanction of a public reprimand. Upon consideration of all matters which have been presented, this Court agrees and hereby accepts the tendered agreement.

In light of the above considerations, the Respondent is hereby reprimanded and admonished for the misconduct found in this cause.

Costs of this proceeding are assessed against the Respondent.

HUNTER, J., not participating.