**In the Matter of Dawn D. DUFFY.**

**No. 784S302.**

Supreme Court of Indiana.

Sept. 23, 1985.

Gregory M. Fudge, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Comn.

PER CURIAM.

This is a disciplinary case wherein the Respondent, Dawn Duffy, has been charged with four counts of professional misconduct. In accordance with Admission and Discipline Rule 23, a Hearing Officer was appointed to hear this cause and now has tendered his findings and conclusions. The Disciplinary Commission challenges the Hearing Officer's conclusion as to Count III of the Complaint, but no further objection to the Hearing Officer's report has been raised.

Under Count I of the Verified Complaint filed in this cause, the Respondent is charged with neglecting a client in violation of Disciplinary Rule 6–101(A)(3) of the *Code of Professional Responsibility for Attorneys at Law;* under Count II, with handling a case without adequate preparation and neglect in violation of Disciplinary Rules 6–101(A)(2) and (3); and under Count IV, with withdrawing from a case without court permission, neglect and failing to carry out a contract of professional employment in violation, respectively, of Disciplinary Rules 2–109(A)(1), 6–101(A)(3) and 7–101(A)(2).

Upon review of all matters which are now before the Court, we find, under Count I, that the Respondent had been retained by Emil Craciunoiu to defend him in a civil action filed by Merchants National Bank in the Marion Municipal Court. This action was dismissed with prejudice on October 6, 1982, and, on February 10, 1984, the Respondent filed an action on behalf of Craciunoiu against the bank. The Respondent has failed to communicate with her client since December, 1983. Also, she has

changed firms and offices but has failed to notify her client of her new office.

Under Count II, we find that on March 3, 1982, the Respondent was appointed as pauper counsel for Charles Barton to perfect his appeal from the Marion Municipal Court. The Respondent failed to communicate with her client and to otherwise present an adequate appeal.

Under Count IV, we find that the Respondent was retained by Grace McLaughlin to represent her son in a criminal matter in the Marion County Criminal Court. The Respondent made two scheduled appearances on behalf of her client but thereafter failed to communicate with him and could not be contacted. As a result, the client requested and the court appointed a public defender to represent him. The Respondent has not properly withdrawn as counsel in this case.

The Hearing Officer concluded that the acts of Respondent as charged under Counts I, II and IV constituted professional misconduct as charged in the Verified Complaint. We concur and now accordingly so find.

As to Count III, the appointed Hearing Officer concluded that there was no misconduct, and the Disciplinary Commission asks this Court for review of such determination. Under this Count, the Respondent is charged with violating Disciplinary Rules 1–102(A)(1), (4), (5), and (6) by failing to answer notice of grievances and failing to provide a response to one of these notices after stating that she would.

Based on the record presented for our consideration of this issue, we find that the Respondent was notified by the Disciplinary Commission on two occasions that grievances had been filed against her. Both letters requested a response. The Respondent advised the Commission's investigator that she would respond to one of the grievances, but then failed to do so. The investigator's subsequent attempts to contact her have been unsuccessful. The record does not show conduct involving deceit, dishonesty, fraud or misrepresentation; conduct prejudicial to the administra-

tion of justice or (under this count) conduct which adversely reflects on Respondent's fitness to practice law.

The Disciplinary Commission contends that, because the investigative process depends upon the cooperation of the attorneys involved, the imposition of a duty to cooperate is inherently necessary for prompt and efficient resolution. Accordingly, they argue that the Hearing Officer was in error as to his conclusions under Count III.

 This Court has had a recent occasion to consider this very issue, a disciplinary charge of "failure to cooperate". See, *In re Koryl* (1985), Ind., 481 N.E.2d 393. As we stated in *Koryl*, the procedural rules applicable to disciplinary matters make a response to a grievance and complaint permissive or optional with the Respondent. Disciplinary Rule 23, Sections 10(a) and 14(a). Either party may seek to obtain documents and information in the same manner as any other civil litigant, through discovery. Admission and Discipline Rule 23, Section 14(b). The Commission may not use its authority to charge misconduct as a substitute for discovery or to force a response which is otherwise permitted. *Koryl, Supra.*

 In light of this, Respondent's failure to make any response cannot be the subject of a charge. We, therefore, conclude that the facts set out under Count III are simply not sufficient to constitute misconduct.

 Upon finding misconduct under three counts, we must now assess the appropriate sanction. Our determination involves consideration of the nature of the violation, the specific acts, this Court's responsibility to preserve the integrity of the Bar, and the risk to which the public will be subjected should the Respondent continue in the practice or be reinstated at some future date. *In re Hailey* (1985), Ind., 473 N.E.2d 616; *In re Ewers* (1984), Ind., 467 N.E.2d 1184; *In re Aungst* (1984), Ind., 467 N.E.2d 698. In light of these factors, we note that the incidents of neglect set out in

this case are not isolated nor the first in Respondent's professional background. We, thus, note that she has previously received a reprimand for similar conduct involving neglect. It is apparent, in this instance, that the Respondent had little regard for her clients and their interests. After undertaking to represent them, she simply ignored them. This pattern of conduct convinces us that we would be remiss in our duty to the public, the Bar and the judicial system were we to allow such misconduct to again be repeated. We, therefore, conclude that a period of suspension from the practice of law is necessary.

IT IS, THEREFORE, ORDERED that the Respondent, Dawn D. Duffy, is suspended from the practice of law for a period not less than two (2) years, beginning October 21, 1985.

Costs of this proceeding are assessed against the Respondent.

SHEPARD, J., not participating.