**In the Matter of J. Lynn BOESE.**

**No. 185S28.**

Supreme Court of Indiana.

Dec. 27, 1985.

No Appearance for respondent.

Thelma E. Hall, Staff Atty., Indianapolis, for Ind. Supreme Court Disciplinary Com'n.

### PER CURIAM

This case is before us on a one-count Verified Complaint for Disciplinary Action filed by this Court's Disciplinary Commission. The Respondent has been charged with neglecting a legal matter entrusted to him, in violation of Disciplinary Rule 6–101(A)(3); with failing to carry out a contract of employment, in violation of Disciplinary Rule 7–101(A)(2); and with prejudicing and damaging his client, in violation of Disciplinary Rule 7–101(A)(3) of the *Code of Professional Responsibility for Attorneys at Law*. He is also charged with violating Disciplinary Rule 1–102(A)(4) by engaging in conduct involving fraud, deceit and misrepresentation in that he failed to communicate with his client; Disciplinary Rule 1–102(A)(6) by engaging in conduct that reflects adversely on his fitness to practice law; Disciplinary Rule 9–102(B)(4) by failing to deliver property belonging to a client; and Disciplinary Rules 1–102(A)(1), (5) and (6) by failing to cooperate with the Indianapolis Bar Association and the Disciplinary Commission.

After a hearing thereon, the Hearing Officer has submitted Findings of Fact and Conclusions of Law. The Respondent has not made an appearance, either in person or by counsel, and neither party has challenged the tendered findings and conclusions.

Upon review of the Hearing Officer's report, this Court now finds, that J. Lynn Boese, the Respondent before us, is an attorney admitted to the Bar of this State on September 26, 1972; he is, thus, subject to this Court's jurisdiction. He was retained by J. Michael Mills to file an action to recover for the loss of Mill's automobile which had been damaged by a fire at Circle City Body Shop. The Respondent filed the action on December 31, 1979, in the Marion County Superior Court 4 against Ronald P. Povinelli, d/b/a Circle City Enterprises, David Michael Hockett and United Farm Bureau Mutual Insurance Company. In 1980, the case was venued to Hancock Circuit Court.

Thereafter, the Defendants, Povinelli and Hockett, submitted interrogatories which Mills never received from the Respondent. On September 24, 1982, Povinelli and Hockett filed a "Motion for an Order Compelling Discovery", and on September 27, 1982, the court ordered that Mills answer the interrogatories by September 30, 1982, or suffer sanctions. Notice of this order was served on the Respondent. Upon Defendants' request, the court set their "Motion for Sanctions" for a hearing on October 22, 1982; all attorneys were notified. The Respondent failed to appear and the court granted Defendants' "Motion to Dismiss" the case, with prejudice as to the Defendants Povinelli and Hockett. The Respondent was notified of the dismissal, but he failed to so inform his client.

The Respondent did submit answers to interrogatories and "Response to Motion to Produce" filed by United Farm, but he failed to respond to their later "Motion for Summary Judgment". On March 7, 1983, the court granted United Farm's "Motion for Summary Judgment".

The Respondent did not inform his client of any of these proceedings. Mills made numerous attempts to contact the Respondent by phone to learn the status of his case, but the Respondent did not return his calls.

In the latter part of April, 1983, Mills spoke with someone in Respondent's office and subsequently was contacted by Respondent's secretary and asked to come to the office. At that time, some two months after it occurred, the Respondent advised Mills that his case had been dismissed.

Thereafter, Mills hired another attorney who attempted to contact the Respondent by phone and letter requesting the Mills file, but the Respondent again failed to answer the requests. On October 4, 1983, Mills' new attorney filed suit against the Respondent on behalf of Mills; the court found in favor of Mills and against the Respondent in the amount of $6,501.00 and costs.

■ The foregoing findings clearly establish that the Respondent did fail to carry out a contract of employment, neglected a legal matter entrusted to him, damaged and prejudiced his client and failed to promptly turn over his client's records when requested to do so. Such actions are in violation of the *Code of Professional Responsibility for Attorneys at Law,* namely Disciplinary Rules 6–101(A)(3), 7–101(A)(2) and (3) and 9–102(B)(4). The conduct, in toto, reflects adversely on Respondent's fitness to practice law. The facts are insufficient to prove a violation of Disciplinary Rules 1–102(A)(4) and (6).

■ The Hearing Officer made further findings as to Respondent's total lack of response to the grievance filed by Mills with the Disciplinary Commission and the investigation thereon by the Indianapolis Bar Association and the Disciplinary Commission. This Court has recently held in two cases, *In re Koryl* (1985), Ind., 481 N.E.2d 393 and *In re Duffy* (1985), Ind., 482 N.E.2d 1137, that failure to make any response to a disciplinary grievance cannot be the subject of a charge. In light of these holdings, we conclude that the findings as to Respondent's lack of response are not sufficient to establish the violation charged.

At first blush, this disciplinary action appears to be a case of professional neglect. A closer examination of the particular facts, however, reveals persistent, blatant and willful misconduct resulting in prejudice and damage to the client. By his impudent behavior, the Respondent has demonstrated his utter disregard for his client, his professional obligations and the effective administration of justice. In light of these considerations, the specific nature of the misconduct and the findings of fact, this Court now determines that a period of suspension is an appropriate sanction in this case.

IT IS, THEREFORE, ORDERED that the Respondent, J. Lynn Boese, be, and he hereby is, suspended from the practice of law for a period of not less than one (1) year, beginning January 27, 1986.

Costs of this proceeding are assessed against the Respondent.