In the Matter of Thomas C. BRYANT.

No. 29S00–8605–DI–462.

Supreme Court of Indiana.

July 6, 1988.

Indiana Supreme Court Disciplinary Commission, for respondent.

Sheldon A. Breskow, Indianapolis, pro se.

PER CURIAM.

This case was commenced by the filing of a complaint by the Indiana Supreme Court Disciplinary Commission charging the Respondent, Thomas C. Bryant, with professional misconduct. Under existing procedures, the Respondent has been suspended from the practice of law pending final determination by this Court. A hearing has been held before a hearing officer appointed pursuant to Admission and Discipline Rule 23, who now tenders to this Court his Findings and Conclusions.

The parties have not challenged or otherwise petitioned for review of the Findings and Conclusions. However, in accordance with the established review process, this Court examines all matters submitted in disciplinary cases in order to determine the ultimate findings and conclusions.

Having so reviewed all matters, we find that the Hearing Officer's Findings and Conclusions should be adopted. Accordingly, we find that the Respondent is charged with two counts of misconduct. Under the first count, the Respondent is charged with misappropriating client's funds and, thereby, engaging in illegal conduct. The second count was severed and remains unresolved pending further order of the Hearing Officer. In light of the serious nature of the allegations of Count I and the fact that the findings and conclusions as to this count are complete, we now proceed with the final resolution of this matter.

John F. Minatel employed the Respondent on July 30, 1985, to represent him in a claim for damages resulting from personal injuries Minatel sustained in an automobile accident. On August 22, 1985, the Respondent received from Fireman's Fund Insurance Companies a claim release to be executed by the client and two bank drafts, totaling one thousand dollars ($1,000), as settlement for Minatel's claim. One of the drafts was for $61.52 and was payable to the client and Blue Cross–Blue Shield; the other draft was for $938.48 and was payable to Minatel and the Respondent. Under their agreement, the attorney's fee to be received by the Respondent was contingent on the recovery.

On August 23, 1985, the Respondent obtained the client's signature on the release and his endorsement on the draft of $938.48. The Respondent explained to Minatel that the money would be deposited in Respondent's account, the attorney's fee will be deducted and the client's portion will be sent to him in approximately one week. On August 26, 1985, the proceeds of the draft were deposited in Respondent's

fiduciary checking account, making the balance in the account $3,943.92.

After approximately two weeks, during which Minatel had neither heard from the Respondent nor received any portion of the settlement, he attempted to contact the Respondent at his office on several occasions, but was unsuccessful until mid-September, when he was advised that he would receive a check by mail. On September 24, 1985, the client received a bank draft from the Respondent drawn for $738.38 on Respondent's personal account. On the date the draft was drawn the balance in Respondent's fiduciary account was $542.20. The $738.38 draft was presented for payment on September 25, 1985, but was dishonored due to insufficient funds.

By a certified letter, Return Receipt Requested, the client notified the Respondent of the dishonoring of the draft and demanded payment within ten days. This letter was never claimed by the Respondent. Thereafter, Minatel made several additional attempts to contact the Respondent, without any success. In January, 1986, the client filed a civil action against Respondent, which resulted in a default judgment. On July 17, 1986, the Respondent paid Minatel the sum of $1,540.00 in satisfaction of the judgment.

Immediately following the deposit of the settlement funds in Respondent's account on August 28, 1985, there was a balance of $3,943.92. Thereafter, the balance was on two occasions reduced to amounts less than $738.38, the amount acknowledged by Respondent to be owed to the client. Such deficits existed intermittently until the entire balance was withdrawn and the account closed on November 1, 1985.

The foregoing findings clearly establish that for almost a year, the Respondent used the client's funds as his own, thereby engaging in criminal conduct in violation of IC 35–43–3–4. The Respondent further engaged in conduct involving deceit and misrepresentation which conduct adversely reflects on his fitness to practice law, in violation of Disciplinary Rules 1–102(A)(3),

(4) and (6); he failed to render and appropriate account or to promptly pay over to the client the funds, as requested, and thereby violated Disciplinary Rules 9–102(B)(3) and (4) of *The Code of Professional Responsibility.*

In the past this Court has often expressed its strong disapproval of conduct involving misuse of client's funds. The sanction for such misconduct has ranged from disbarment (See gen. *In re Brault* (1984) Ind., 471 N.E.2d 1124; *In re Delony* (1984) Ind., 470 N.E.2d 65; *In re Hayes* (1984) Ind., 467 N.E.2d 20) to a lengthy period of suspension. *In re Wirt* (1985) Ind., 482 N.E.2d 721. The Respondent in this case did eventually pay his client back, but only after the client had obtained a judgment. In all other aspects, Respondent's conduct remains reprehensible.

In determining the appropriate sanction, this Court has considered the nature of the violation, Respondent's specific acts and their impact on the public, this Court's responsibility to preserve the integrity of the bar, and the risk, if any, to which the public will be subjected if the Respondent is permitted to continue in the profession or be reinstated at some future date. *In re Briggs* (1987) Ind., 502 N.E.2d 890; *In re Stanton* (1986) Ind., 492 N.E.2d 1056; *In re Duffy* (1985) Ind., 482 N.E.2d 1137. In light of the foregoing findings and considerations, we conclude that a period of lengthy suspension is warranted in this instance. It is, therefore, ordered that the Respondent, Thomas C. Bryant, is hereby suspended from the practice of law for a period of three (3) years beginning immediately.

Costs of this proceeding are assessed against the Respondent.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN and PIVARNIK, JJ., dissent and would impose disbarment.