**In the Matter of Ronald D. WELCH.**

No. 02S00–8609–DI–832.

Supreme Court of Indiana.

July 11, 1988.

Charles F. Leonard, Fort Wayne, for respondent.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

## PER CURIAM.

This matter is before us on a one-count complaint for disciplinary action charging the Respondent, Ronald D. Welch, with engaging in conduct in violation of Disciplinary Rules 1–102(A)(4) and (6), Disciplinary Rules 6–101 and Disciplinary Rules 7–101 of *The Code of Professional Responsibility for Attorneys at Law.* The Disciplinary Commission and the Respondent have agreed as to certain facts and have tendered for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline.

Having reviewed all matters herein submitted, we now find, as the parties have agreed, that in April or May of 1982, Charles Bonifas and Marvin Hicks (Bonifas and Hicks) asked the Respondent to assist them in obtaining a patent. They paid the Respondent $150 to cover the cost of a patent search. In late summer of 1982, the Respondent met with Bonifas and Hicks and advised them that they had twelve (12) months to complete and file a patent application should they wish to pursue the matter. In April of 1983, Bonifas and Hicks advanced $300 to Respondent to enable him to begin preparation of the application. He filed the application on August 31, 1983, but he did not include the filing fee with the application. The Patent Office notified the Respondent on September 26, 1983, that the fee had been omitted and that the patent would be abandoned if the fee was not paid within two months of August 31, 1983, or by October 31, 1983.

On September 28, 1983, the Respondent requested the balance of the fee and presented Hicks with a bill for $659.34 which included "attorney's fees, cost of formal Patent Office drawing and Government Filing Fee," less $300 previously advanced. Hicks paid the bill by a personal check issued to the Respondent. The Respondent, however, did not send in the filing fee, and the application became abandoned as of October 31, 1983.

During the 1983–1984 winter, the Respondent had several conversations with Bonifas and Hicks during which he advised them that he had not received any determination from the Patent Office, that "everything was fine," and that "these things take time." In May, 1984, Bonifas and Hicks found out from a source other than the Respondent that the patent had been abandoned. After he was confronted by Bonifas and Hicks, the Respondent did file a petition to revive the patent application on May 24, 1984 and included the money given to him as filing fees. However, this petition was denied on July 11, 1984.

From the foregoing findings we conclude, as the parties have agreed, that the Respondent neglected a legal matter entrusted to him, failed to carry out a contract of employment, and engaged in conduct involving dishonesty and misrepresentation and in conduct which adversely reflects on his fitness to practice law. The parties have agreed that the sanction for this misconduct should be a suspension from the practice of law for thirty (30) days with automatic reinstatement. The Respondent has also tendered his affidavit as required by A.D. Rule 23, Section 17(a).

In assessing the appropriate sanction, this Court examines the nature of the violation, the specific acts of the Respondent, the impact to the public, this Court's responsibility to preserve the integrity of the Bar and the risk, if any, to which the public will be subjected if the Respondent is permitted to continue in the profession. *In re Briggs* (1987), Ind., 502 N.E.2d 890; *In re Stanton* (1986), Ind., 492 N.E.2d 1056; *In re Duffy* (1985), Ind., 482 N.E.2d 1137. With these considerations in mind, we view the deceptive nature of Respondent's misconduct with close scrutiny. We note that the parties have agreed to certain facts which they have labeled as mitigating but which are more in the nature of an explana-

tion. The parties have agreed that in his fifteen (15) years of practice no other grievance has been lodged against the Respondent and that the period of time in issue was marked by substantial disruption in Respondent's practice, including new personnel, new physical location of his office and the formation of a new law firm. While these circumstances will not mitigate the misconduct, they have provided us with a broader context within which we can better assess the agreement. With these considerations in mind, we conclude that the agreed sanction is acceptable under the circumstances of this case.

We, thus, approve the agreement of the parties. In accordance therewith, the Respondent, Ronald D. Welch, is hereby suspended from the practice of law for a period of thirty (30) days, beginning August 8, 1988, with automatic reinstatement thereafter.

Costs of this proceeding are assessed against the Respondent.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.

DICKSON, J., dissents and would impose a suspension for one (1) year.