**In the Matter of William B. OLSEN.**

**No. 29S00–8805–DI–456.**

Supreme Court of Indiana.

Dec. 28, 1989.

William B. Olsen, pro se.

Sheldon Breskow, Indiana Supreme Court Disciplinary Com'n, Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent, William B. Olsen, is charged in a single count complaint for disciplinary action with engaging in conduct in violation of the *Code of Professional Responsibility for Attorneys at Law* and the *Rules of Professional Conduct.* Pursuant to Admission and Discipline Rule 23, Section 11(d), the Disciplinary Commission and the Respondent have conditionally agreed upon the discipline to be imposed and now submit for this Court's approval a Statement of Circumstances and Conditional Agreement.

We have reviewed all tendered matters and find that the agreement should be approved. Accordingly, we find that the Respondent is a member of the Bar of this State and is, thus, subject to this Court's disciplinary jurisdiction.

We find further that the Respondent was retained to defend a contract action, and, on June 9, 1986, he entered his appearance on behalf of Steve Surgoth and Mark Thorne d/b/a Thorne Construction. Thereafter, the Respondent failed to file an answer on behalf of his client. On August 8, 1986, the Plaintiff filed a Motion for Default Judgment based on the lack of answer. On August 25, 1986, although having been duly notified, the Respondent failed to appear at the hearing on Plain-

tiff's Motion for Default Judgment. The trial court entered a Judgment of Default for the Plaintiffs and against the Defendants in the amount of $85,000. The Respondent failed to take any action to relieve his clients from the judgment.

The Verified Complaint charging the Respondent is lodged in terms of both, the *Code of Professional Responsibility* and the *Rules of Professional Conduct*. Although the *Code* was superseded by the *Rules* effective January 1, 1987, the *Rules* parallel the provisions of the *Code*. See, *In re Roche*, Jr. (1989), Ind., 540 N.E.2d 36. Respondent's acts and omissions would constitute misconduct under the provisions of both, the *Code* and the *Rules*. However, since the specific acts of misconduct set out in the agreement occurred during 1986, Respondent's conduct should be evaluated under the specific language of the *Code*. Accordingly, this Court concludes that the Respondent neglected a legal matter entrusted to him, failed to seek the lawful objectives of his client, thereby damaging his client, failed to carry out a contract of employment, prejudiced and damaged his client and engaged in conduct prejudicial to the administration of justice, all in violation of Disciplinary Rules 6–101(A)(3), 7–101(A)(1), (2) and (3), and 1–102(A)(5) of the *Code of Professional Responsibility for Attorneys at Law*.

The parties agree that the appropriate sanction in this instance is a public reprimand. Assessment of this aspect of the agreement entails an examination of the nature of the violation, the specific acts of the Respondent, this Court's responsibility to preserve the integrity of the Bar and the risk to which the public will be subjected if the Respondent is permitted to continue in the profession. *In re Hampton* (1989), Ind., 533 N.E.2d 122, *In re Moerlein* (1988), Ind., 520 N.E.2d 1275. Respondent's conduct in this case indicates a negligent disregard for those who have entrusted their interests to his care, resulting in prejudice and damage to the clients. We note that, in this case, the summary nature of the Statement of Circumstances submitted by the parties does not provide us with the factual background for a more extensive

deliberation on the issue of sanction. We, however, rely on the Commission's assessment of the circumstances and their agreement to a public reprimand. In light of these considerations, we find that the agreed sanction of public reprimand is appropriate and that the agreement should be approved.

Accordingly, the Respondent, William B. Olsen, is hereby reprimanded and admonished for his misconduct.

Costs of this proceeding are assessed against the Respondent.