**In the Matter of M. Sidney GLANZMAN.**

**No. 49S00–8806–DI–530.**

Supreme Court of Indiana.

July 6, 1990.

M. Sidney Glanzman, pro se.

David F. Hurley, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This case is before us on an one count complaint for disciplinary action filed by the Indiana Supreme Court Disciplinary Commission. The complaint charges that the Respondent has violated Disciplinary Rules 1–102(A)(3), (4) and (6) of the *Code of Professional Responsibility for Attorneys at Law* by engaging in illegal conduct involving moral turpitude, conduct involving dishonesty, fraud, deceit and misrepresentation, and engaging in conduct which adversely reflects on his fitness to practice law. A Hearing Officer appointed pursuant to Admission and Discipline Rule 23 has heard evidence and now tenders his Findings and Recommendations.

There being no objections to the Hearing Officer's findings of fact, we now accept and adopt the same. Accordingly, this Court finds that the Respondent, M. Sidney Glanzman, is an attorney admitted to practice law in the State of Indiana and is, thus, subject to this Court's disciplinary jurisdiction. We find further that from April 1, 1983, to July 31, 1985, the Respondent received and spent for his own use $13,784 in monthly Social Security benefits paid erroneously to his deceased mother. On September 17, 1987, the Respondent was charged by information filed in the United States District Court, Southern District of Indiana, with converting $100 belonging to the Social Security Administration, to wit; as guardian for his mother he continued to receive and spend for his own use her monthly benefit after her death on February 23, 1983, in violation of Title 18, United States Code, Section 641.

On September 17, 1986, the Respondent was convicted, upon a plea of guilty, of knowingly and willfully converting to his own use less than $100 belonging to the Social Security Administration. Upon conviction, he was ordered to pay a fine of $1,000, was sentenced to one year imprisonment which was suspended, was placed on probation for one year and ordered to pay interest of $625. On July 29, 1985, and May 27, 1986, the Respondent repaid the $13,784 to the Social Security Administration.

The foregoing findings clearly establish that the Respondent defrauded the Government and converted funds to which he was

not entitled. Such conduct is in violation of Disciplinary Rules 1–102(A)(3), (4) and (6) of the *Code of Professional Responsibility for Attorneys at Law.*

Having determined that the Respondent engaged in the charged misconduct, we must now assess an appropriate sanction. This entails an examination of the nature of the incident, the specific acts of the Respondent, the impact on the public, this Court's responsibility to preserve the integrity of the Bar, and the risk to which the public will be subjected if the Respondent is permitted to continue in the profession. *In re Olsen* (1989), Ind., 547 N.E.2d 849; *In re Hampton* (1989), Ind., 533 N.E.2d 122; *In re Moerlein* (1988) Ind., 520 N.E.2d 1275. This Court has often expressed our strong disapproval of conduct involving misuse of client's funds and has imposed severe sanctions in such instances. *In re Bryant* (1988) Ind., 524 N.E.2d 1288, *In re Brault* (1984) Ind., 471 N.E.2d 1124, *In re Deloney* (1984) Ind., 470 N.E.2d 65. Respondent's theft of public funds is no less abhorrent. We note further that the Respondent repaid the funds only after he had been criminally charged and prior to his guilty plea to converting less than the amount actually stolen. Had he been found guilty of converting $13,784, he could have been sentenced for a period of up to ten years. Title 18 U.S.C. § 641. It would be a travesty to tolerate the entrustment of private legal interests to a person who has so grossly abused the public. *In re Hampton, Supra.* In light of these considerations and by virtue of the findings of fact set out above, this Court concludes that Respondent's misconduct warrants the strongest sanction available. It is, therefore, ordered that the Respondent, M. Sidney Glanzman, is hereby disbarred.

Cost of this proceeding are assessed against the Respondent.