### In the Matter of Byron C. WELLS.
### No. 73S00–8904–DI–312.

Supreme Court of Indiana.

June 13, 1991.

James H. Voyles, Indianapolis, for respondent.

David F. Hurley, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This case was initiated by the Disciplinary Commission of this Court pursuant to Admission and Discipline Rule 23, Section 12. In accordance with the procedure for disciplinary actions, a Hearing Officer was appointed, conducted a hearing, and has tendered findings of fact, conclusions, and recommendation to this Court. Although the Disciplinary Commission seeks review of the recommended sanction, neither the Commission nor the Respondent have challenged the findings of fact and conclusions. On December 12, 1990, accepting the Hearing Officer's tendered findings of misconduct, this Court suspended the Respondent from the practice of law pending further order.

The Respondent, Byron C. Wells, is charged with committing criminal acts that reflect adversely on his honesty, trustworthiness or fitness to practice law in violation of Rule 8.4(b) of the *Rules of Professional Conduct for Attorneys at Law* and engaging in conduct that involves moral turpitude, conduct prejudicial to the administration of justice, and conduct that adversely reflects on his fitness to practice law in violation of Rule 8.4(d) of the *Rules of Professional Conduct for Attorneys at Law* and Disciplinary Rule 1–102(A)(3), (5), and (6) of the *Code of Professional Responsibility for Attorneys at Law*. The charges of misconduct emanate from the Respondent's alleged nonconsensual touching of and interaction with young males.

Adopting the Hearing Officer's report, we now find that the Respondent practiced law in Shelbyville, Indiana. On a Saturday evening in November of 1986, Respondent invited B.J. and T.G., 17 year old male high school students, to his office to give them a tour of the office and discuss with them their interest in cases which the Respondent handled in his professional capacity. These young men were not his clients. During his conversations with these individuals, Respondent turned the subject to the sexual experiences of young males and, without solicitation, displayed a videotape depicting men and women engaged in various acts of oral sex and sexual intercourse.

In May of 1987, O.V. went to Respondent's office to solicit representation for another individual charged with motor vehicle offenses. While discussing the matter, Respondent placed the back of his hand against O.V.'s pants touching his penis. Eventually, the Respondent turned his hand around placing it between O.V.'s legs touching his genitals and moved his hand up and down two or three times.

On an evening in January of 1987, B.J., the above noted individual who was eighteen years old at the time, went to Respondent's office to secure representation concerning an auto accident. In discussion of the incident, Respondent discovered that he

could not represent B.J. by reason of the Respondent's representation of another party, but indicated a willingness to discuss the possibility of settlement with his client's carrier. Respondent then offered B.J. a tour of the second floor area of his office which had just been completed. During the tour, while the two were standing in an upstairs hallway, Respondent on four to six occasions touched B.J.'s penis through his clothing.

In January of 1987, K.E., age eighteen, and his father met with Respondent in his office regarding K.E.'s arrest for Possession of Marijuana, Speeding, and Minor in Possession of Alcohol. On March 30, 1987, K.E. and Respondent were discussing a proposed plea agreement in the conference room at the Shelby County Court. During the discussion Respondent stood in close proximity to K.E. and, while holding the agreement in his left hand, touched K.E.'s genitals twice with his (Respondent's) right hand.

In May of 1987, T.W., age 16, met with Respondent in Respondent's law office regarding representation concerning an Operating While Intoxicated charge. Following this discussion, Respondent escorted T.W. on a tour of the office, including the second floor. While standing in an upstairs doorway, Respondent nudged T.W. at least three times in the genitals with a closed hand. Respondent continued to represent T.W. to conclusion of the case.

The touching of these young males as described above occurred without their consent. These acts were not inadvertent and were the product of intentional conduct on the part of the Respondent. At no time did Respondent exert any force upon the victims nor did he engage in any conversation with them in an effort to persuade them to participate with him in any further conduct.

On November 29, 1987, by reason of the above noted conduct and similar conduct with another individual, the Respondent was charged with five counts of Battery, as Class B Misdemeanors, in violation of IC 35–42–2–1. On June 22, 1988, the Special Prosecutor appointed in the case dismissed four counts and filed an agreement to with-hold prosecution with respect to the remaining count. In this agreement, Respondent admitted the commission of Battery on B.J. as alleged. On September 6, 1988, the remaining charge was dismissed pursuant to the agreement. During the period covered by the agreement, the Respondent underwent treatment for a depressive disorder; however, there is no causal connection between the misconduct charged in this case and this depressive disorder.

 In weighing the acts of the Respondent against the requisite standard, it is noted that Respondent's conduct in 1986, as set forth above, is governed by the *The Code of Professional Responsibility*. In this regard, we find that by displaying videotapes depicting men and women involved in oral sex and sexual intercourse to two seventeen year old high school students visiting in his office, Respondent engaged in conduct which adversely reflects on his fitness to practice law and conduct prejudicial to the administration of justice in violation of Disciplinary Rules 1–102(A)(5) and (6). This conduct did not violate Disciplinary Rule 1–102(A)(3).

 The *Rules of Professional Conduct for Attorneys at Law* became effective January 1, 1987. By reason of the conduct set forth above occurring after January 1, 1987, Respondent is charged with committing criminal acts that reflect adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, in violation of Rule 8.4(b), and engaging in conduct that is prejudicial to the administration of justice, in violation of Rule 8.4(d). The unsolicited or nonconsensual touching of the young men noted above constituted battery as defined in IC 35–42–2–1. In every instance, the criminal conduct occurred within the structure of Respondent's professional association with these young men. In one incident, while discussing a plea agreement with his client in the conference room of the court, Respondent intentionally handled the genitals of his client. These facts clearly establish a nexus between Respondent's criminal conduct and his fitness as an attorney. Likewise, the orderly disposition of judicial matters is

greatly harmed when an attorney entwines a sordid personal agenda with his representation of a client. Accordingly, we find that the Respondent violated the Rules 8.4(b) and (d) of the *Rules of Professional Conduct for Attorneys at Law* as charged in this case.

It is now the duty of this Court to impose an appropriate sanction for the misconduct found in this case. The Hearing Officer has recommended that the Respondent be given a probationary suspension from the practice of law for a period of one year conditioned on psychiatric evaluation and treatment. The Disciplinary Commission seeks this Court's review of such proposed sanction, citing two prior decisions where the Respondents received more severe sanctions: *In the Matter of Hudgins* (1989), Ind., 540 N.E.2d 1200 (disbarment); *In the Matter of Kern* (1990), Ind., 551 N.E.2d 454 (2 year suspension). In response, the Respondent seeks to distinguish the present disciplinary action noting that our prior holdings were predicated on the criminal act of child molesting.

The Respondent is correct, the present case does not involve child molesting. All of the victims of Respondent's criminal acts were young men outside of the protection of the child molestation laws. But they were young men in trouble and the underlying authority and domination factors associated with child molestation issues were present in the circumstances found in this case, albeit to a lesser degree. In his association with these young individuals, it was Respondent who possessed the advantage, control, and power. He used it to issue an invitation to participate in his personal agenda.

■ In determining an appropriate sanction in a disciplinary action, this Court must consider the specific acts of the Respondent and the risk to which the public will be subjected if the Respondent is permitted to continue in the profession. *In re Glanzman* (1990), Ind., 555 N.E.2d 1295; *In re Olsen* (1989), Ind., 547 N.E.2d 849; *In re Hampton* (1989), Ind., 533 N.E.2d 122. Considering the nature of the misconduct set forth in this case, it is our assessment that, in order to protect the public from further behavior of this nature, a substantial period of suspension is warranted.

■ In light of the above considerations, it is ordered that our suspension of the Respondent, Byron C. Wells, from the practice of law in the state of Indiana, by reason of the misconduct found in this case, is hereby continued until December 12, 1993, without automatic reinstatement. Upon completion of this period of suspension, should Respondent desire the restoration of his privilege to practice law in the State of Indiana, he is required to make application for reinstatement as provided by Admission and Discipline Rule 23, Section 18, and establish, by clear and convincing evidence, that he meets the preconditions for readmission set forth in Admission and Discipline Rule 23, Section 4. At that time, Respondent must demonstrate to this court that his conduct during the period of suspension has been exemplary and above reproach and that he can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them in matters of trust and confidence.

Costs of this proceeding are assessed against the Respondent.