In the Matter of Melvin REED.

No. 71S00–9409–DI–908.

Supreme Court of Indiana.

Nov. 3, 1995.

Melvin Reed, South Bend, pro se.

Donna McCoy Spear, Staff Attorney, Indianapolis, the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The Respondent in this proceeding, Melvin Reed, has been charged, in a three count complaint, with violating this Court's *Rules of Professional Conduct.* In accordance with Ind.Admission and Discipline Rule 23, this matter was heard by a Hearing Officer appointed by this Court. The Hearing Officer has tendered his report for approval by this Court. Neither party has petitioned for review. As more fully set forth in the following opinion, we find that the Respondent engaged in professional misconduct and herein impose a suspension from the practice of law for a period of three (3) years.

## Count I

The charges of professional misconduct asserted in Count I of the verified complaint filed in this case grow out of Respondent's representation of a party in an estate matter. Specifically, Respondent is charged with violating Ind.Professional Conduct Rule 1.3,[1] by failing to act with reasonable diligence and promptness; violating Prof.Cond.R. 1.15(b),[2] by failing to deliver funds or other property to persons entitled to receive such funds or

---

1. *Professional Conduct Rule 1.3* states that "a lawyer shall act with reasonable diligence and promptness in representing a client."

2. *Professional Conduct Rule 1.15(b)* states that "upon receiving funds or other property in which the client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property."

other property; and Prof.Cond.R. 8.4(c),[3] by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

Adopting the tendered findings of fact submitted by the Hearing Officer, this Court now finds that in 1983, Respondent employed Francine Howell to work as a law clerk in his office. Her duties involved legal research, assisting with probate and Social Security matters, and investigating legal questions; she was not an attorney admitted into the practice of law at that time. Howell worked for Respondent until May 1985 and moved out of the state in July 1986.

On September 8, 1983, Respondent, acting as the attorney for an estate, admitted a matter to probate in the St. Joseph Probate Court, and, at the request of the Respondent, Howell was appointed Executrix for this estate. It was Howell's understanding that her appointment was a formality and the Respondent would be responsible for the administration of the estate. The Decedent in this estate had been overpaid Social Security benefits during her life and, accordingly, a claim for $8,464.90 was made against the estate by Social Security Administration. Notice of such claim was sent to Howell at Respondent's office, but Respondent did not advise Howell of the matter before and after she left the office. On October 8, 1987, the United States Attorney filed a civil complaint against Howell as Executrix in the estate for the amount of the claim. Again, notice was sent to Howell in care of the Respondent, but he made no effort to notify Howell that the complaint had been filed. At some later point, Howell was directly advised by the U.S. Attorney of the action and she contacted Respondent concerning such matter. Respondent advised Howell that he would take care of this and in November 1987 Respondent entered his appearance for Howell. Respondent took no further action on her behalf

and on June 16, 1988, a default judgment was entered against Howell for $8,464.90. Howell did not learn of the default judgment until May 31, 1990. Ultimately, through Howell's own efforts and contact with the United States Attorney, the judgment against her was dismissed.

At the time the estate was opened it included a residence worth approximately $25,-000.00. After admitting the will to probate, Respondent failed to take any further action and the residence was sold at a tax sale in 1989 to recover taxes in the amount of $2,133.00 owed on the property. No final accounting was ever filed and the money in this estate was remitted to the Unclaimed Property Division of the Indiana Attorney General's Office in 1992.

In light of the above findings of fact, we now conclude that by failing to take any action to represent the interest of the parties in the estate and by failing to represent Howell in the civil complaint filed against her, Respondent failed to act with due diligence and, accordingly, violated Prof.Cond.R. 1.3. By failing to properly deliver funds and other property to the heirs of this estate, Respondent violated Prof.Cond.R. 1.15(b). We find no violation of Prof.Cond.R. 8.4(c).

## Count II

In Count II Respondent is charged with professional misconduct in the course of his representation of a criminal defendant. Respondent is charged with violating Prof.Cond.R. 1.3, by failing to act with diligence; Prof.Cond.R. 1.4(a),[4] by failing to keep his client informed about the status of the case; Prof.Cond.R. 1.16(d),[5] by failing to refund any unearned fee; and Prof.Cond.R. 8.4(d),[6] by engaging in conduct prejudicial to the administration of justice.

This Court finds that in March, 1991, Respondent was employed to represent a crimi-

---

**3.** *Professional Conduct Rule 8.4(c)* states that "it is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

**4.** *Professional Conduct Rule 1.4(a)* states that "a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

**5.** *Professional Conduct Rule 1.16(d)* provides, *inter alia,* that upon termination of representation, a lawyer shall "return any advance payment of fee that has not been earned."

**6.** *Professional Conduct Rule 8.4(d)* states that "it is professional misconduct for a lawyer to ... engage in conduct that is prejudicial to the administration of justice."

nal defendant charged with two Class D Felonies in the St. Joseph Superior Court. He was paid $500.00 for his services. On March 18, 1991, Respondent entered his appearance and filed a motion for discovery. The matter was set for trial on September 26, 1991 and a status conference was set for September 20, 1991. Respondent failed to appear at the status conference; he could not be located in that his phone had been disconnected. Shortly thereafter, the judge discovered that Respondent had been suspended from the practice of law and Respondent was removed as counsel in this case. Respondent failed to respond to his client's requests for information or to refund any of the unused portion of the fee paid to him.

In view of the above noted findings of fact, we now conclude by not communicating with his client concerning the status of the case and his ability to represent his client, Respondent violated Prof.Cond.R. 1.4(a). By not refunding the fee paid for services in this case, Respondent violated Prof.Cond.R. 1.16(d). Respondent's failure to appear at the status hearing and thereby causing the criminal matter to be continued was conduct prejudicial to the administration of justice and, accordingly, violated Prof.Cond.R. 8.4(d).

### Count III

In Count III, Respondent is again charged with violating Prof.Cond.R. 1.3, 1.16(d), and 1.4(a). We find that in March 1991, Respondent was retained to file a claim against an obligor who had defaulted on a co-signed loan and to redraft a will for a client. He was paid $250.00 to begin his work. Respondent failed to take any action on behalf of his client in this matter. Respondent did not respond to any of his client's requests for information. Respondent did not return any portion of the file or fee to his client.

We find under Count III, that, by failing to take any action for his client in this matter, Respondent failed to act with reasonable diligence and, accordingly, violated Prof.Cond.R. 1.3. Respondent's failure to return the unearned fee was a violation of Prof.Cond.R. 1.16(d) and failing to respond to his client's requests for information constituted a violation of Prof.Cond.R. 1.4(a).

### Professional Discipline

█ Having found professional misconduct, it is now the duty of this Court to determine and impose an appropriate disciplinary sanction. This involves consideration of the nature of the misconduct, actual or potential injury flowing from the misconduct, the state of mind of the Respondent, the duty of this Court to preserve the integrity of the profession, the potential risk to the public in permitting Respondent to continue in the profession, and matters in mitigation, extenuation, or aggravation. *In re Drozda* (1995), 653 N.E.2d 991; *In re Cawley* (1992), 602 N.E.2d 1022; *In re Wells* (1991), 572 N.E.2d 1290.

This case does not involve a single act of neglect. Respondent engaged in a course of conduct that involved numerous clients and threatened significant interests of his clients. Respondent's acts subjected his clients to substantial financial loss in the disposition of estate assets. Respondent subjected the person who he requested to be Executrix to substantial personal financial risk. A criminal defendant was not fully represented by Respondent and he had to be removed as counsel for this defendant. Respondent accepted work, but did not perform. This conduct is a risk to the public and it is the duty of this Court to protect the public from future harm of this nature.

We also note that in 1992 Respondent was suspended from the practice of law for forty-five (45) days for engaging in a conflict of interest. Respondent currently is on suspension for not complying with continuing legal education requirements. There is no mitigation in this case.

Faced with this record, this Court must conclude that the misconduct present in this case warrants a substantial period of suspension. Accordingly, it is ordered that the Respondent, Melvin Reed, is hereby suspended from the practice of law for not less than three years from the date of this opinion. In the event Respondent seeks reinstatement to the Bar of this state, Respondent will have to clearly demonstrate that he is capable of assuming all duties as an attorney and completely understands the severe

nature of the misconduct found in this case. Additionally, to be reinstated to the Bar of this state, Respondent will have to fully meet all other requirements set forth in Admis.Disc.R. 23(4).

Costs of this proceeding are assessed against Respondent.