151 F.3d 1035
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of: Byron C. WELLS, Appellant.
 No. 97-3447.
 United States Court of Appeals, Seventh Circuit.
 Argued June 5, 1998.
Decided June 16, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. No. 91 M 91. Sarah Evans Barker, Chief Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. WILLIAM J. BAUER, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 In 1977, appellant Byron C. Wells ("Wells") was admitted to practice law by both the State of Indiana and the United States District Court for the Southern District of Indiana. In 1990, the Supreme Court of Indiana suspended Wells from practicing law for a period of three years, without automatic reinstatement. See In re Wells, 572 N.E.2d 1290, 1293 (Ind.1991). Since he has been eligible to again practice law, the Supreme Court of Indiana has twice rejected petitions for reinstatement filed by Wells. On June 14, 1991, the Southern District received from the State of Indiana notice of Wells' suspension. On June 18, the district court ordered Wells to show cause why it should not impose identical discipline. Wells did not respond to this order, and was duly suspended by the court. On April 30, 1991, Wells filed a petition seeking reinstatement to practice law in the Southern District of Indiana.[1] Chief Judge Sarah Evans Barker denied this petition on May 21, 1997. On June 19, 1997, Wells filed a motion with the district court seeking a hearing on his suspension, and the court denied this motion on August 26. Wells filed his notice of appeal on September 24, 1997.
 
 
 2
 At the outset, we note that Wells stated an incorrect basis for jurisdiction in this court. In his brief, Wells asserts that jurisdiction over his appeal is proper by virtue of 28 U.S.C. § 1295. That statute, however, delineates the jurisdiction of the United States Court of Appeals for the Federal Circuit and does not give us jurisdiction over anything. Another questionable basis asserted is our "inherent supervisory power over the district court." Federal courts are courts of limited jurisdiction, and possess only those powers authorized by the Constitution and by statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). It is presumed that a cause of action lies outside of this limited jurisdiction unless the party asserting jurisdiction can prove otherwise. Id. (citing McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182-83, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). Appellant has cited no support for his contention that our "inherent power" can give us jurisdiction over an appeal, and apparently has not met his burden. The United States filed a response to the appellant's brief, however, and notes that 28 U.S.C. § 1291 provides a basis for jurisdiction, since it appears that Wells is appealing from the entry of a final judgment by the district court.
 
 
 3
 While there may be a statutory basis for jurisdiction in this case, Wells is not out of the woods quite yet. In its response, the United States argues that we lack jurisdiction because Wells failed to file a timely notice of appeal. As prescribed by the Federal Rules of Appellate Procedure, a notice of appeal must be filed within 30 days (or 60 days, if the government is a party) of the entry of judgment in the case. FED.R.APP.P. 4(a)(1). The United States argues that Judge Barkers' denial of Wells' petition for reinstatement constituted a "final judgment" for these purposes and that Wells' notice of appeal, filed over four months after the denial of this motion, was untimely. We agree.
 
 
 4
 In his reply brief, Wells argues that the district court's denial of his "Motion for Hearing" was a final order and that his notice of appeal filed less than 30 days thereafter was not untimely filed. As he correctly notes, a final decision is one that "en[ds] the litigation on the merits." Appellant's Reply Brief at 10 (citing FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 273, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991)). However, Wells does not discuss the district court's order denying his petition for reinstatement, which we construe to be a final decision for purposes of appeal. The order stated that "the petition of Byron Wells seeking to be reinstated as a member of the Bar of this Court is denied." See Appendix at 24. It left nothing to be decided by the district court, and effectively ended the litigation. See United States v. Ettrick Wood Prods., Inc., 916 F.2d 1211, 1216 (7th Cir.1990) (per curiam) (judgment is final if it ends litigation and leaves nothing to be decided in the district court). As a final decision, Wells had 30 days (or, if it can be said that the government was a party here, 60 days) from the date it was entered to appeal; the fact that he did not leaves us without jurisdiction.
 
 
 5
 Even if we were to treat Wells' "Motion for Hearing" as a motion for the district court to reconsider the denial of his motion to reinstate (which we decline to do in this case because Wells did not argue that we should and the record does not support that it was), his notice of appeal would still be untimely. A party dissatisfied with a district court's judgment may file one of two different motions: a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) and a motion for relief from judgment under Fed.R . Civ.P. 60(b). A motion under Rule 59(e) tolls the time for appeal under Fed.R.App.P. 4, but one pursuant to Rule 60(b) does not. Mares v. Busby, 34 F.3d 533, 535 (7th Cir.1994). Whether a motion seeks relief under Rule 59(e) or Rule 60(b) is determined by its timing. Any post-judgment substantive motion filed within 10 days of the entry of judgment is deemed a Rule 59(e) motion, but any such motion served more than ten days after the entry of judgment is evaluated as a Rule 60(b) motion. Britton v. Swift Transp. Co., Inc., 127 F.3d 616, 618 (7th Cir.1997) (citations omitted). Wells filed his so-called "Request for Hearing" on June 19, 1997, well over 10 days after the district court denied his motion (on May 21). To the extent Wells' "Request for Hearing" could be considered a motion for rehearing, then, it would fall under Rule 60, not Rule 59, and would not toll the time for filing a notice of appeal.
 
 
 6
 Finally, even if Wells could have appealed from the district court's denial of his "Request for Hearing," the district court did not commit any error. At the time the request was filed, there was nothing pending before the district court for which Wells was entitled to a hearing. The court had already denied his request for reinstatement, and no issues were left to be decided. Wells was accordingly not entitled to any hearing at the time, and his motion was properly denied.
 
 
 7
 In summary, Wells failed to file a timely notice of appeal in this case because the denial of his motion for reinstatement, not the denial of his request for a hearing, was a final decision for purposes of Fed.R.App.P. 4(a). Accordingly, this appeal is DISMISSED for want of jurisdiction.
 
 
 
 [1]
 The parties disagree on whether the petition filed by Wells was technically seeking reinstatement, but this has no bearing on our present decision