In the Matter of Thomas J. THOMAS.

No. 883S283.

Supreme Court of Indiana.

Jan. 11, 1985.

William F. Marshall, Columbus, for respondent.

Gregory M. Fudge, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

In the proceeding now before this Court, the Respondent, Thomas J. Thomas, is charged, in a single count complaint, with engaging in illegal conduct involving moral turpitude, with engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, and with engaging in conduct that adversely reflects on his fitness to practice law, such conduct being in violation of Disciplinary Rules 1–102(A)(3), (4) and (6) of the *Code of Professional Responsibility for Attorneys at Law.* Pursuant to Admission and Discipline Rule 23, a hearing was conducted by a duly appointed Hearing Officer; his findings of fact have been tendered to this Court. Neither party has petitioned for review.

There being no objection, this Court now adopts as its own the tendered findings. Accordingly, we now find that the Respondent is a duly licensed attorney in the State of Indiana and is subject to the professional discipline of this Court. On August 4, 1981, the Respondent was a Deputy Prosecutor in Jackson County, Indiana. On such date, the Respondent was halted by an Indiana State Police trooper for failing to make a complete stop at a posted intersection. Upon approaching, the trooper detected the odor of burned marijuana coming from the Respondent's vehicle. Upon investigation, a substance believed to be marijuana and pills suspected to contain hydrocodone were found. Laboratory examination confirmed the presence of marijuana and of hydrocodone, a Schedule II controlled substance.

Respondent was charged with possession of a controlled substance, a Class D Felony, possession of marijuana, a Class A Misdemeanor, and failure to stop at a posted sign, a Class C Misdemeanor. Respondent, on October 9, 1981, waived arraignment and initially entered pleas of not guilty. On December 13, 1982, the Court accepted Respondent's plea of guilty of possession of marijuana and of failing to stop at a posted sign; pursuant to I.C. 35–48–4–12, judgment for the marijuana offense was withheld and the Respondent was fined $1.00 and costs for the traffic offense. The trial court granted the Prosecuting Attorney's oral motion to dismiss the felony count. Thereafter, on July 29, 1983, in accordance with I.C. 35–48–4–12, the trial court dismissed the charge of possession of

marijuana, there being no other drug involvement for a period of six months.

 This Court has previously held that questions of fitness and moral turpitude involve an examination of the Respondent's conduct in toto. *In re Jones,* (1984) Ind., 464 N.E.2d 1281; *In re Gorman,* (1978) 269 Ind. 236, 379 N.E.2d 970. In the present proceeding, the Respondent, while serving as Deputy Prosecutor, chose to place himself above the law and disregard societal judgments relating to the possession of marijuana and controlled substances. This conduct indicated a very serious breach of Respondent's social duties owed to his fellow man.

 In view of the above considerations, we now further find that Respondent engaged in illegal conduct involving moral turpitude which adversely reflects on his fitness to practice law. Accordingly, this Court now concludes that Respondent violated Disciplinary Rules 1-102(A)(3) and (6) of the *Code of Professional Responsibility* as charged under the complaint filed in this cause.

In our assessment of an appropriate sanction, we observe that the Respondent violated the very laws he was obligated to enforce in his professional capacity as a Deputy Prosecutor. This, however, does not mean that the Respondent is being disciplined solely because he served as a public official. The use and possession of marijuana and controlled substances are illegal in this state and one need not be a Deputy Prosecutor to understand this illegality.

 Our system of government requires respect for the law and adherence to the orderly processes of amendment. Obedience to law exemplifies respect for law. (EC 1-5, *Code of Professional Conduct.*) As lawyers, the members of the Bar have a particular responsibility to demonstrate these principles.

The Respondent in this proceeding chose to place his own interests before his professional responsibilities. As previously held, this Court has found that this misconduct demonstrates his moral unfitness to continue in the profession as an attorney. From an examination of the cause, however, it does not appear that the public would be harmed if the Respondent were allowed to seek reinstatement after a period of suspension.

It is therefore ordered that, by reason of the misconduct found in this cause, the Respondent is hereby suspended from the practice of law in this State for a period of three (3) years beginning February 11, 1985.

Costs of this proceeding are assessed against the Respondent.