In the Matter of David L. JONES.

No. 82S00–8704–DI–368.

Supreme Court of Indiana.

Nov. 24, 1987.

David L. Jones, Evansville, pro se.

Sheldon A. Breskow, Executive Secretary, Martin Risacher, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This case is before us on a Statement of Circumstances and Conditional Agreement for Discipline entered into between the Indiana Supreme Court Disciplinary Commission and the Respondent, David L. Jones, and tendered to this Court for approval. The agreement results from a Verified Complaint for Disciplinary Action charging the Respondent with engaging in illegal conduct involving moral turpitude and conduct which adversely reflects on his fitness to practice law, in violation of Disciplinary Rules 1–102(A)(3) and (6) of the *Code of Professional Responsibility.*

We find, as the parties have agreed, that the Respondent was arrested on October 13, 1986 for possession of marijuana, less than thirty (30) grams, a Class A Misdemeanor, as set out in IC 35–48–4–11.

The Respondent pleaded guilty to the charge and the trial court withheld judgment for one (1) year, pursuant to IC 35–48–4–12, on the condition that the Respondent not possess nor consume marijuana or other nonprescribed narcotic substances during that period of conditional discharge.

The parties further agree, and we so find, that, prior to the arrest, the Respondent was involved in a dissolution of marriage proceeding with his wife, Karen. In the evening of October 6, 1986, the Respondent went to the marital property, which was in the possession of the wife, in order to collect some of his personal belongings. The wife was not present at the time, but a man hired to clean the house was there, and he let the Respondent enter the house. The wife's mother, Mrs. Senning, called while the Respondent was at the property and a heated discussion ensued. This prompted Mrs. Senning to contact the Sheriff's Department, and several officers arrived at the house. When the wife returned to the property, she went to the Respondent's car and retrieved a small metal throat lozenge box out of the glove compartment; the box contained approximately three (3) marijuana cigarettes. She gave the box to the officers and informed them that it belonged to the Respondent. The officers took the substance for investigation, and the Respondent left the property.

Thereafter, on October 9, 1986, the Respondent gave a statement to a detective in the Sheriff's Department admitting possession of the marijuana and stating that he had infrequently used marijuana to relieve some of the stress associated with his divorce.

The parties have agreed that the above described findings constitute misconduct and that the appropriate sanction is a public reprimand. In order to properly assess this portion of the agreement, we must determine whether the illegal act involves moral turpitude and whether it reflects adversely on Respondent's fitness to practice law.

In the recent case of *In re Oliver,* (1986), Ind., 493 N.E.2d 1237, both questions were considered in regard to the offense of driving while intoxicated. While evaluating

the impact of the illegal act on Oliver's fitness to practice law, a majority of the court stated that:

"In deciding that question, this Court exercises its duty to assure the public that those who hold licenses to provide service can be trusted to do so in a responsible and competent way. We consider whether an attorney can be trusted to keep his client's secrets, give effective legal advice, fulfill his obligation to the courts, and so on. The question is whether there is a nexus between Oliver's act of misconduct and his fitness to practice law."

The majority went on to conclude that the evidence demonstrated that Oliver's sole act did not affect his practice or lead to any reasonable question about his suitability as a practitioner.

With the exception of the fact that the Respondent has used marijuana infrequently to relieve stress, the agreement is silent as to any impact the illegal possession of marijuana may have had on Respondent's practice. A careful scrutiny of the illegal act involved in this case, however, leads us to conclude that, unlike Oliver, the illegal possession of marijuana does raise a serious question as to Respondent's suitability as a practitioner.

Comparing the two (2) illegal acts, we note that the production, sale (to adults), possession and consumption of alcohol is not illegal. Even intoxication, when not in public or behind the wheel of a motor vehicle, is not in and of itself illegal. Only when a defendant has reached the point of intoxication or illegal blood alcohol content and embarks on operating a motor vehicle does the act become illegal. In contrast, the cultivation, sale, possession and consumption of marijuana is illegal. Illegal possession indicates an inevitable contact with the chain of distribution and trafficking of illegal drugs. The impact of that association is of such severity that it affects adversely the public's perception of Respondent's fitness to be an officer of the Court. We, thus, conclude that a nexus exists between the illegal act and Respondent's suitability as a practitioner and that

such act adversely reflects on his fitness to practice law.

In evaluating whether the Respondent's illegal possession of marijuana involves moral turpitude, we must examine a particular course of conduct in toto. *In re Oliver, supra; In re Thomas* (1985), Ind., 472 N.E.2d 609; *In re Jones* (1984), Ind., 464 N.E.2d 1281. The abbreviated nature of the evidence presented in this agreement format does not permit a sufficient factual basis upon which to develop the requisite analysis of this type of issue. Accordingly, we do not reach a conclusion as to the issue of moral turpitude.

We conclude that, by the conduct set out above, the Respondent violated Disciplinary Rule 1–102(A)(6) of the *Code of Professional Responsibility*. We further find that the agreed sanction, a public reprimand, is appropriate under the circumstances of this case.

Accordingly the agreement of the parties is accepted, and the Respondent, David L. Jones is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.