**In the Matter of John T. ROCHE, Jr.**

**No. 40S00–8804–DI–418.**

Supreme Court of Indiana.

June 26, 1989.

Daniel P. Byron, Roger D. Erwin, Indianapolis, for respondent.

Sheldon A. Breskow, Martin E. Risacher, Indianapolis, for Indiana Supreme Court Disciplinary Comn.

## DISCIPLINARY ACTION

PER CURIAM.

This case is before us on a Verified Complaint for Disciplinary Action charging the Respondent with violating the *Rules of Professional Conduct for Attorneys at Law.* The parties have reached an agreement and have tendered for our approval a Statement of Circumstances and Conditional Agreement For Discipline pursuant to Admission and Discipline Rule 23, Section 11(d).

As agreed by the parties, we find that on March 1, 1988, the Respondent pled guilty to possession of marijuana, less than 28 grams, a Class A misdemeanor, before the Jennings Circuit Court. At the time of Respondent's arrest for this offense and when he entered the guilty plea, he was serving as Prosecutor of Jennings County.

During his plea hearing, the Respondent stated to the Jennings Circuit Court his intention to resign from his prosecutorial position on March 31, 1988, in order to preserve the public's confidence in that office. The trial court withheld judgment and placed the Respondent on probation for one year provided he met various terms and conditions including resigning as prosecutor. The Respondent resigned on March 31, 1988, as promised.

The Disciplinary Commission and the Respondent agree that there exist extensive mitigating circumstances. As to his personal background, the parties have agreed and we find that the Respondent served his country in the Vietnam War. His actions while under hostile fire resulted in a Presidential Unit Citation and a Vietnamese Cross of Gallantry with Oak Leaf Cluster. Because of his war experience he has had to undergo extensive counseling in learning to deal with the reality of the war. This, coupled with the tragic loss of a child in August, 1987, resulted in his experiencing sleeping difficulties and periods of depression.

On the professional level, we find, as agreed, that the Respondent has devoted extensive time to *pro bono* work in his community and, to his prosecutorial duties, time above and beyond the norm expected for this part time position. Prior to this incident, he enjoyed an excellent relationship with other law enforcement personnel. He has never before been disciplined and has unhesitatingly cooperated with the Disciplinary Commission's investigation; he accepts responsibility for his misconduct and is genuinely remorseful.

The Respondent is charged under the *Rules of Professional Conduct* with violating 1) Rule 8.4(b)—committing a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects and 2) Rule 8.4(d)—engaging in conduct that is prejudicial to the administration of justice.

This court has in the past reviewed conduct involving illegal possession of marijuana by an attorney charged under the terms of the *Code of Professional Responsibility*

*for Attorneys at Law,* namely Disciplinary Rule 1–102(A)(3) and (6). *In re Jones,* (1987), Ind., 515 N.E.2d 855. Although the *Code* was superseded by the *Rules of Professional Conduct,* effective January 1, 1987, the provisions of Rules 8.4(b) and 8.4(d) under which this Respondent is charged closely parallel the provisions of Disciplinary Rule 1–102(A)(5) and (6) of the superseded *Code.* Thus, the analysis of the conduct and the bounds of the professional standards under the *Code* are fully applicable under the provisions of the *Rules of Professional Conduct.* In determining whether attorney's conduct reflects adversely on his fitness as a lawyer, this court examines the attorney's suitability as a practitioner. *In re Jones, Supra; In re Oliver* (1986), Ind., 493 N.E.2d 1237. The question is whether there is a nexus between Respondent's conduct and his fitness to practice law. *In re Oliver, Supra;* see *In re Jones, Supra.* This court found in *Jones* that illegal possession of marijuana indicates an inevitable contact with the chain of distribution and trafficking of illegal drugs. The impact of such association affects adversely the public's perception of the attorney's fitness to be an officer of the court.

Respondent's arrest and conviction for illegal possession of marijuana occurred while he was serving as the Prosecuting Attorney of Jennings County. This aspect of the misconduct is the subject of the second charge against the Respondent, engaging in conduct that is prejudicial to the administration of justice in violation of Rule 8.4(d). This court has held that an attorney who was special prosecutor at the time of committing the offense of driving while intoxicated engaged in conduct prejudicial to the administration of justice. *In re Oliver, Supra.* The court in *Oliver* found that a prosecutor's duty to conform his behavior to the law does not arise solely out of his status as an attorney. As an officer charged with administration of the law, his own behavior has the capacity to bolster or damage public esteem for the judicial system different from that of attorneys otherwise in practice. Where those whose job it is to enforce the law break it

instead, the public rightfully questions whether the system itself is worthy of respect. The harm done is to the public esteem for those charged with enforcing the law. *Oliver, Supra.*

In light of the findings set out above and the foregoing considerations, we conclude that the Respondent engaged in misconduct as charged.

The parties also agree that the appropriate sanction for this misconduct is a public reprimand. In reviewing this portion of the agreement we must evaluate the adequacy of the proposed sanction.

Respondent's prosecutorial position makes his ethical violation an extremely grievous one. As stated earlier, the very nature of the offense indicates an unsavory association with illegal cultivation and trafficking of marijuana. This is in direct conflict with the prosecutorial duties entrusted to the Respondent by the public. Under such circumstances, this court would be inclined to assess a sanction far more severe than the agreed public reprimand.

In this instance, however, we are mindful of the numerous mitigating circumstances. In determining whether the proposed sanction should be approved, we take into consideration the Commission's concurrence in these mitigating facts and the Commission's assessment of an appropriate sanction under such circumstances.

In light of the foregoing considerations, we find that the agreed sanction is appropriate under the circumstances of this case. We find further that the agreement of the parties should be approved. Accordingly, for the misconduct set out above, the Respondent, John T. Roche, Jr., is reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.

PIVARNIK, J., dissents.