### In the Matter of Byron J. BERRY.

### No. 43S00–8807–DI–633.

Supreme Court of Indiana.

Nov. 28, 1989.

David C. Kolbe, Warsaw, for respondent.

Sheldon A. Breskow, Executive Secretary, Indiana Supreme Court Disciplinary Com'n, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

### DISCIPLINARY ACTION

PER CURIAM.

The Disciplinary Commission of this Court has charged the Respondent, Byron J. Berry, with committing a criminal act that reflects adversely on his fitness as a lawyer and engaging in conduct prejudicial to the administration of justice, in violation of Rules 8.4(b) and (d) of the *Rules of Professional Conduct for Attorneys at Law.* Pursuant to Admission and Discipline Rule 23, Section 11(d), the Disciplinary Commission and the Respondent have tendered for our consideration a Statement of Circumstances and Conditional Agreement for Discipline. Additionally, the Respondent has tendered an affidavit as required by Admission and Discipline Rule 23, Section 17(a).

Having reviewed the matters presented under this cause for our consideration, we now approve the conditional agreement offered by the parties. Accordingly, this Court finds that the Respondent, an attorney subject to the disciplinary jurisdiction of this Court, on June 7, 1987, was involved in a vehicular rear-end collision in Warsaw, Indiana. At the scene of the accident, investigating officers found and seized marijuana from the Respondent's automobile. On August 27, 1987, the Respondent pled guilty to possession of marijuana in violation of applicable state law.

The parties have further agreed, by way of mitigation, that the Respondent has no record of any prior criminal history. We have been advised further that, immediately prior to the accident involved in this case, the Respondent experienced a grand mal seizure, having suffered from epilepsy since birth. As a result of this incident, the Respondent has voluntarily surrendered his driver's license to the State of Indiana and has not driven since the date of the accident. The parties have also advised the Court that the amount of marijuana involved was less than 30 grams, namely the remains of a marijuana cigarette of a small quantity. The special judge appointed to hear the criminal case against the Respondent deferred the proceeding on the condition that the Respondent give six lectures at the high schools located in Kosciusko County on any matter of importance and that the Respondent attend any and all appointments at his neurologist. Respondent complied with the court's instructions,

and the charges against the Respondent were dismissed on July 18, 1988.

In light of our prior decision in *In re Roche, Jr.*, (1989), Ind., 540 N.E.2d 36, we find that, under the agreed facts, the Respondent engaged in illegal conduct which adversely reflects on his fitness as a lawyer in violation of Rule 8.4(b) of the *Rules of Professional Conduct for Attorneys at Law*. As presented under this agreement, however, there is insufficient evidence to conclude that the Respondent engaged in conduct that is prejudicial to the administration of justice as defined in our prior opinions. *In re Roach, supra.; In re Jones* (1987), Ind., 515 N.E.2d 855; *In re Oliver* (1986), Ind., 493 N.E.2d 1237.

Noting the mitigation presented in this case and considering all of the matters, we now conclude that the agreed discipline is appropriate. It is, therefore, ordered that, by reason of the misconduct found in this case, the Respondent, Byron J. Berry, is hereby publicly reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.