**In the Matter of Jay T. HIRSCHAUER.**

**No. 09S00–8702–DI–204.**

Supreme Court of Indiana.

Nov. 7, 1990.

John F. Joyce, Bose, McKinney & Evans, Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Mark A. Jones, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

**PER CURIAM.**

The Respondent in this disciplinary action, Jay T. Hirschauer, is charged in a two count complaint with violating D.R. 1–102(A)(3), (4), (5) and (6) of the *Code of Professional Responsibility for Attorneys at Law.* The Indiana Supreme Court Disciplinary Commission and the Respondent have reached an agreement pursuant to Admission and Discipline Rule 23, Section 11(d), which they now tender for this Court's approval. The Respondent has also submitted his affidavit as required by Admission and Discipline Rule 23, Section 17(a).

Upon review of the tendered agreement, we find that it should be accepted and approved. In accordance therewith, we find that the Respondent was admitted to the practice of law in September of 1972, and that he is subject to this Court's disciplinary jurisdiction.

Under Count I, we find that on December 23, 1984, the Respondent was arrested in Hamilton County and charged with operating a motor vehicle while intoxicated. At the time of the arrest, the Respondent was returning from a Christmas party and was sitting in his vehicle studying a map. A subsequent breathalizer examination revealed a blood alcohol content of twenty-six one hundredths per cent (.26%). While the Respondent was in custody, a police officer found in the pocket of Respondent's jacket a cellophane bag containing 2.4 grams of what was later identified as marijuana. As a result, the Respondent was charged with two counts, possession of marijuana and operating a vehicle while intoxicated. Eventually the Respondent pleaded guilty to operating a motor vehicle while intoxi-

cated, and the possession of marijuana charge was dismissed.

Under Count II we find that in 1982 the Respondent defended John Calhoun in a number of offenses, including trafficking of marijuana. On the basis of Respondent's advice, Calhoun agreed to plead guilty and cooperate with the federal authorities. As a result of this cooperation, Calhoun was to be placed in protective custody, and he was also transferred from Indianapolis to the Hamilton County Jail. While there, Calhoun's cell was ransacked, the valium he was taking pursuant to a doctor's prescription was stolen, and a note from the Aryan Brotherhood threatening his death was left in his cell.

Calhoun, extremely fearful that the death threat would be carried out, contacted the Respondent and requested his assistance in refilling the valium prescription and transferring him from the Hamilton County Jail.

On October 29, 1982, the Respondent met and consulted with Calhoun in the conference room of the Hamilton County Jail. The Respondent had brought with him to this meeting a half-pint of an alcoholic beverage for the purpose of consumption by Calhoun. Calhoun consumed the alcohol and, shortly after the consultation, a breathalizer test on Calhoun revealed a blood alcohol content of seventeen and one hundredths per cent (.17%). Hamilton County Jail rules and regulations prohibit visitors from supplying alcohol to inmates.

Pursuant to an investigation of the incident by the Hamilton County Prosecutor, the Respondent waived immunity and testified before the grand jury concerning this incident. The grand jury voted unanimously not to return an indictment against the Respondent.

The parties also agree that certain mitigating factors exist. For one, the Respondent has fully and candidly cooperated with the authorities and the Disciplinary Commission. The parties agree that, save for the incidents set out above, the Respondent is a competent and dedicated attorney who has done a great deal of *pro bono* work. Since that incident, Respondent's personal and professional conduct has been exemplary.

In light of the foregoing findings and the agreement of the parties, we conclude that Respondent's illegal possessing of marijuana adversely reflects on his fitness to practice law, and that such conduct is in violation of D.R. 1–102(A)(6) of the *Code of Professional Responsibility for Attorneys at Law.* See *In re Roche* (1989), Ind., 540 N.E.2d 36; *In re Jones* (1987), Ind., 515 N.E.2d 855. By bringing and delivering alcohol to a Hamilton County Jail inmate without disclosure and in violation of jail regulations, the Respondent engaged in conduct involving deceit in violation of D.R. 1–102(A)(4) of the *Code.*

The parties further agree that the appropriate sanction for the misconduct set out above is a suspension for a period of sixty (60) days with automatic reinstatement. Assessment of this portion of the agreement entails an examination of the nature of the violation, the specific acts of the Respondent, this Court's responsibility to preserve the integrity of the Bar and the risk to which the public will be subjected if the Respondent is permitted to continue in the profession. *In re Olsen* (1989), Ind., 547 N.E.2d 849. We are also mindful of the mitigating factors agreed to by the parties and the Disciplinary Commission's assessment. Accordingly, we find that the agreed discipline is appropriate under the circumstances of this case. It is, therefore, ordered that the Respondent, Jay T. Hirschauer, is hereby suspended from the practice of law for a period of sixty (60) days, beginning December 6, 1990, with automatic reinstatement thereafter but conditioned upon payment of assessed costs.

Costs of this proceeding are assessed against the Respondent.