**In the Matter of Joseph W. EDDINGFIELD.**

No. 85S00–9003–DI–232.

Supreme Court of Indiana.

June 18, 1991.

Charles A. Asher, Robert F. Gonderman, Sr., South Bend, for respondent.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for Ind. Supreme Court Disciplinary Com'n.

PER CURIAM.

The respondent in this case, Joseph W. Eddingfield, has been charged in a single count complaint with engaging in professional misconduct in violation of Rule 8.4(b) of the *Rules of Professional Conduct for Attorneys at Law.* Pursuant to Admission and Discipline Rule 23, Section 11(d), the Disciplinary Commission and the respondent have tendered for this court's approval a statement of circumstances and conditional agreement for discipline.

Upon review, we find, as the parties have agreed, that on April 14, 1989, at approximately 12:35 A.M., two police officers from the Wabash Police Department observed a black 1979 Chevrolet Corvette speeding in Wabash, Indiana. The car was being driven by the respondent. The officers turned on their vehicle's red lights and pursued the Corvette which continued to travel at a high speed. The Wabash police officers were also joined in their pursuit by an Indiana State Police trooper. Eventually, the respondent lost control of his Corvette and hit a tree, at which point he was ejected from the car and landed in the middle of the street. He had a strong odor of alcohol on his breath, and a small bag of marijuana and some paraphernalia were found in the car. There were no other passengers in the car nor was anyone else involved in the accident.

The respondent was taken to a hospital where he was treated for his injuries. The blood sample taken from him revealed his blood alcohol content to be .23% BAC.

The respondent was charged with Operating a Motor Vehicle While Intoxicated, a Class A Misdemeanor, and with Resisting Law Enforcement, also a Class A Misdemeanor. He was not charged with possession of a controlled substance or paraphernalia.

The respondent pleaded guilty to both counts and filed a Motion For Treatment In Lieu Of Incarceration. The court accepted the plea, denied respondent's motion and sentenced him to one year in the county jail, all but 30 days of which were suspended, and to one year of formal probation to commence subsequent to the jail term. The court further ordered respondent's license suspended but reissued a probationary license for driving to and from employment; 180 days of community service and participation in a substance abuse program; fines and costs; and that the respondent not act on behalf of any client while incarcerated.

By way of mitigation the parties have agreed that the respondent acknowledged his drug and alcohol problem, assumed responsibility for his actions and successfully completed the ordered programs. Since the conclusion of his probation he has continued to speak on drug and alcohol abuse to any schools requesting his appearance. He has voluntarily sought an evaluation of his alcohol addiction and has continued to maintain his sobriety without relapse.

The parties have agreed that the above described acts constitute misconduct under Rule 8.4(b). In order to assess this aspect of the agreement, we must determine whether the criminal act reflects adversely on respondent's fitness to practice law. Rule 8.4(b) proscribes criminal acts that reflect adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects. Prior to the promulgation of Rule 8.4(b) as part of the *Rules of Professional Conduct*, illegal acts by attorneys were scrutinized under the superseded *Code of Professional Responsibility*, particularly Disciplinary Rules 1-102(A)(3), prohibiting illegal acts involving moral turpitude, and subsection (A)(6), prohibiting any act which adversely reflects on

fitness to practice. These rules closely parallel each other. *In re Coleman* (1991), Ind., 569 N.E.2d 631; *In re Roche* (1989), Ind., 540 N.E.2d 36.

█ Whereas under prior Disciplinary Rule 1-102(A)(6) any conduct, criminal or noncriminal, could constitute misconduct, the present Rule 8.4(b) limits its application to criminal acts. The Comment accompanying Rule 8.4 expounds that many kinds of illegal conduct reflect adversely on fitness to practice law but some offenses carry no such implication. Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to the practice of law. Offenses involving violence, dishonesty, or breach of trust, or serious interference with the administration of justice fall in that category. A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation. Comment to Rule 8.4, *Code of Professional Conduct.*

This analysis of the necessary connectivity between the criminal conduct and the attorney's fitness under Rule 8.4 fully comports with our earlier analysis in cases such as *In re Oliver* (1986), Ind., 493 N.E.2d 1237, and authority flowing therefrom decided under the *Code of Professional Responsibility.* See also *In re Coleman, supra; In re Roche, supra.*

█ In determining whether attorney's conduct reflects adversely on his fitness as a lawyer, this court examines the attorney's suitability as a practitioner. The question is whether there is a nexus between respondent's conduct and his fitness to practice law. *In re Coleman, supra; In re Roche, supra; In re Jones* (1987), Ind., 515 N.E.2d 855; *In re Oliver, supra.*

In *Oliver, supra*, the respondent was involved in a single car accident after which he was found to have a blood alcohol content of .23%. However, unlike the present case, there were no other exacerbating circumstances. Additionally, the court found extensive testimony indicating that Oliver had no prior history of alcoholic

problems, that his professional reputation was above reproach and that the incident had not adversely affected his capacity to practice law. Under those facts, the court concluded that the sole act of operating a vehicle while intoxicated did not affect Oliver's practice or lead to any reasonable question about his suitability as a practitioner, and, thus, did not constitute a violation of Disciplinary Rule 1–102(A)(6).

On the other hand, in *Jones, supra,* this court concluded that a nexus existed between the illegal possession of marijuana and respondent's fitness as a lawyer. The *Jones* court concluded that the impact of the inevitable association with the chain of distribution and trafficking of illegal drugs was of such severity that it affected adversely the public's perception of Jones's fitness to be an officer of the Court.

In the more recent case of *In re Coleman, supra,* Coleman was arrested for driving under the influence, driving without a valid license and reckless driving. After repeated failures to appear as ordered by the court, he appeared under threat of arrest and eventually pleaded guilty to a second offense of driving under the influence. The court concluded that Coleman's repeated illegal acts and disregard for judicial authority had adverse effect on his fitness as a lawyer and, thereby, were in violation of Rule 8.4(b).

■ The respondent in the case before us was not only driving in an extremely intoxicated state; he resisted law enforcement efforts and set out on a dangerous high speed chase in an attempt to flee from the police. He does not deny that marijuana and drug paraphernalia were found in his car in which he alone was present. Although the prosecution did not charge him with this offense, it, nonetheless, indicates additional criminal activity. The findings also establish a previous history of alcoholism and further indicate that respondent's practice was suspended as a result of this incident. Under such circumstances, Respondent's reckless disregard for the laws of this state and his duty to the officers that must enforce them affect adversely his fitness as a lawyer and an officer of this court. In light of this, we conclude that the Respondent's conduct is in violation of Rule 8.4(b) of the *Rules of Professional Conduct.*

■ We find further that the agreed sanction, a suspension for a period of 30 days, is appropriate under the circumstances of this case.

Accordingly, the agreement of the parties is accepted. It is, therefore, ordered that the respondent, Joseph W. Eddingfield, is suspended from the practice of law for a period of thirty (30) days beginning July 15, 1991.

Costs of this proceeding are assessed against the respondent.