In the Matter of John T. ROCHE, Jr.

No. 40S00–9603–DI–214.

Supreme Court of Indiana.

April 9, 1997.

Daniel P. Byron, McHale, Cook & Welch, P.C., Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The Disciplinary Commission has charged respondent John T. Roche, Jr. with neglecting a client's legal affairs. Respondent and the Disciplinary Commission now agree that the respondent's inaction violated the *Rules of Professional Conduct for Attorneys at Law*, and have submitted for our approval an agreement in resolution of this matter.

Respondent was admitted to the bar of this state in 1983, and has practiced law here continuously since then. The parties agree that on September 19, 1994, a client em-

ployed respondent to enforce a visitation order and/or to petition for modification of custody in the Bartholomew Circuit Court. In response to respondent's request, the client paid him $100 to commence work on the matters. From that date until early January 1995, the client called respondent on several occasions at both respondent's office and at his home to inquire as to the status of the visitation and custody proceedings. On January 12, 1995, the client mailed a letter to respondent stating that he should either pursue the enforcement of visitation and the modification or refund the client's money. The client received no reply. On January 26, 1995, the client filed a grievance with the Commission. Respondent never took formal action on behalf of his client with respect to either the visitation or custody matters.

Indiana Professional Conduct Rule 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client. By failing to take any formal action on his client's legal matters for some four months after being retained, the respondent violated Ind.Professional Conduct Rule 1.3. Professional Conduct Rule 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. By failing to respond to his client's repeated requests for information about his legal affairs, the respondent violated Prof.Cond.R. 1.4(a).

Having found misconduct, we now must assess an appropriate sanction. The parties agree that the misconduct in this case warrants a thirty day suspension from the practice of law.

Among the factors we examine in assessing the adequacy of lawyer discipline are the nature of the misconduct and factors in mitigation or aggravation. A lawyer should act with commitment and dedication to the interests of his or her clients. *Comment* to Prof.Cond.R. 1.3. Even where a lawyer's procrastination does not adversely affect a client's interests, unreasonable delay can cause a client needless anxiety and undermine confidence in a lawyer's trustworthiness. Similarly, communication between

lawyer and client is essential to ensure that important matters are not being left unresolved, to prevent prejudice to the client's rights, and to preserve the trust and confidence that clients normally repose in their lawyers. Respondent's negligent conduct provoked anguish in his client and, overall, tarnishes the reputation of the legal profession. Additionally, prior discipline is generally considered an aggravating circumstance when assessing proper sanction. American Bar Association *Standards for Imposing Lawyer Sanctions,* Standard 9.22(a). Respondent has been disciplined once before by this Court for unrelated misconduct. *In re Roche,* 540 N.E.2d 36 (1989). In light of all considerations, we are satisfied that the agreed sanction adequately comports with the respondent's misconduct, and, accordingly, accept the parties' agreed resolution of this case.

It is, therefore, ordered that the respondent, John T. Roche, Jr., be suspended from the practice of law for a period of thirty (30) days, beginning May 12, 1997. At the conclusion of that period, he will be automatically reinstated to the practice of law, provided he meets the requirements of Ind.Admission and Discipline Rule 23, Section 4(c).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.