### In the Matter of Paula Thrun KIGHT.

### No. 49S00–9509–DI–1110.

Supreme Court of Indiana.

Sept. 19, 1997.

Paula Thrun Kight, Pro Se.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM.

The Disciplinary Commission charges that the respondent, Paula Thrun Kight, engaged in six counts of professional misconduct, five arising from her representation of clients and one arising out of a criminal conviction. The Commission and the respondent now have tendered for this Court's approval a *Statement of Circumstances and Conditional Agreement for Discipline* in resolution of this case. Our disciplinary jurisdiction is conferred by the respondent's admission to this state's bar on October 10, 1973.[1]

The parties agree that the respondent engaged in misconduct and that she therefore should be suspended from the practice of law for not less than three years. We find that the parties' agreement should be approved.

Preliminarily, we note that the respondent was suspended by this Court on May 27, 1994, for failing to comply with continuing legal education requirements and, at the time of hearing of this matter, had not been reinstated. Further, this Court suspended the respondent *pendente lite* on October 11, 1996, upon notice that she had been convicted of a crime punishable as a felony. Ind.Admission and Discipline Rule 23(11.1).

Under Count I of the Commission's *Amended Verified Complaint for Disciplinary Action*, the parties agree that on February 26, 1992, a client met with the respondent concerning representation in a contemplated marital dissolution. The respondent prepared a petition for dissolution, summons, and an order to appear, but did not file the papers, instead holding them pending further instructions from her client. On September 15, 1993, the client informed the respondent that she wished to proceed

1. Ind. Const. Art. 7, § 4.

and paid to respondent a $200 retainer. The respondent filed the dissolution petition on September 24, 1993. On October 12, 1993, both the client and respondent appeared at a preliminary hearing. After the hearing, the respondent prepared a child support card for the county clerk's office and an income withholding order for payment of child support. The dissolution was set for a call of the docket in early March of 1994, but was later dismissed by the court on March 15, 1994 for failure to prosecute. The respondent never notified client of the dismissal.

We find that by allowing the dissolution case to be dismissed for failure to prosecute, the respondent failed to act with reasonable diligence and promptness in representing the client in violation of Ind.Professional Conduct Rule 1.3.[2] By failing to inform her client that the pending divorce action was set for call of the docket and, later, dismissed for failure to prosecute, the respondent violated Prof.Cond.R. 1.4(a)[3]. The respondent's failure to respond to the trial court's call of the docket in March of 1994, resulting in the dismissal of the dissolution action, represented a failure to make reasonable efforts to expedite litigation consistent with the interests of her client in violation of Prof.Cond.R. 3.2.[4]

Pursuant to Count II, the parties agree that the respondent entered an appearance on behalf of a client on October 28, 1993, in a post-dissolution matter pending in Hamilton Circuit Court. The client paid the respondent a total of $100 for the representation. A contempt hearing was scheduled for June 6, 1994, at which the client was ordered to appear to show cause why he should not be held in contempt for failing to comply with a property settlement. The respondent instructed the client not to attend the hearing because it had been continued. In fact, the contempt hearing proceeded as scheduled, although both the respondent and the client failed to appear. The respondent's client was found to be in contempt and, on September 2, 1994, a judgment was entered against him in the amount of $9,892.96. Thereafter, the respondent failed to return the client's telephone calls. During the course of the representation, the respondent was suspended from the practice of law, but never informed her client or the court of such suspension.

We find that by failing to appear at the contempt hearing, the respondent violated Prof.Cond.R. 1.3. By failing to respond to her client's repeated requests for information following the missed hearing, the respondent violated Prof.Cond.R. 1.4(a). By failing to properly explain to the client the pending contempt proceeding, the respondent violated Prof.Cond. R. 1.4(b).[5] By failing to appear at the contempt proceeding on behalf of her client and by failing to notify her client or the court of her suspension from the practice of law, the respondent engaged in conduct that is prejudicial to the administration of justice and thus violated Prof.Cond.R. 8.4(d).[6]

Pursuant to Count III, the parties agree that a client hired the respondent on March 28, 1994, to defend him against a criminal charge, paying the respondent $350. The respondent entered an appearance on his behalf on April 21, 1994. Despite her suspension from the practice of law, the respondent appeared at a bench trial on July 2, 1994, after which the client was convicted

---

2. Professional Conduct Rule 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

3. Professional Conduct Rule 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

4. Professional Conduct Rule 3.2 provides that a lawyer must make reasonable efforts to expedite litigation consistent with the interests of his clients.

5. Professional Conduct Rule 1.4(b) provides:

A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

6. Professional Conduct Rule 8.4(d) provides:

It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

Unlike Count III, *infra*, there is no evidence in the record indicating that the respondent provided any legal service to the client following her suspension on May 27, 1994.

and sentenced. The respondent informed the client that he had an "excellent chance" on appeal and agreed to handle the appeal. She also informed him that she would file the necessary papers to stay his sentence pending the appeal. The client paid the respondent $1,000 for the appeal. On October 6, 1994, the state moved to revoke the client's probation due to his failure to complete community service and to pay his court costs. Although the respondent filed a *Praecipe for Record of Proceedings* with the trial court, she never filed an appeal on behalf of the client or attempted to stay his sentence pending appeal. The respondent never informed the client or the court of her suspension from the practice of law.

We find that, by her conduct in Count III, the respondent violated Prof.Cond.R. 1.3 by failing to provide prompt and diligent representation in regard to the client's contemplated appeal, and Prof.Cond.R. 1.4(b) by failing adequately to inform the client of the status of his planned appeal. The respondent violated Prof.Cond.R. 5.5(a) by representing her client after being suspended from the practice of law.[7] By failing to take action in regard to her client's appeal, by practicing law while suspended, and by failing to notify the client or the court of her suspension, the respondent engaged in conduct that is prejudicial to the administration of justice in violation of Prof.Cond.R. 8.4(d).

Under Count IV, the parties agree that a client hired the respondent to represent her in a civil action against the client's parents for damages resulting from sexual abuse. The respondent agreed to represent the client on a contingency fee basis; however, the respondent produced no written fee agreement to memorialize the agreement. On June 25, 1990, the respondent filed suit on her client's behalf. An answer was filed on November 8, 1990. On July 1, 1991 and December 15, 1992, the court ordered hearings pursuant to Trial Rule 41(E) in light of the respondent's apparent failure to prose-

cute the action. In both instances, cause was shown why the case should not be dismissed. Neither the respondent nor her client appeared at a pre-trial conference on September 3, 1991. On February 15, 1993, respondent and defendant's counsel appeared telephonically for a pretrial conference and the matter was set for jury trial on April 4, 1994. On March 24, 1993, the defendant provided the client with a set of interrogatories, which the client completed and gave to the respondent on May 11, 1993. The respondent failed to tender the answers to defendant's counsel. On July 16, 1993, the court ordered the respondent to comply with the defendant's interrogatories within ten days. On September 3, 1993, the court granted defendant's motion to dismiss for respondent's failure to comply with the court's order. The respondent never informed her client that the case had been dismissed.

We find that, pursuant to the agreed facts in Count IV, the respondent violated Prof. Cond.R. 1.3 by failing to prosecute the civil action; Prof.Cond.R. 1.4(a) by failing to keep her client informed as to the status of the matter; and Prof.Cond.R. 3.2 by failing to expedite the litigation consistent with her client's interests. Further, by failing to provide the client with a written contingency fee agreement, the respondent violated Prof. Cond.R. 1.5(c).[8]

As to Count V, the parties agree that a client retained the respondent to represent her in regard to a medical malpractice claim and a related Social Security disability claim. The respondent agreed to handle the matters on a contingency fee basis, receiving no advance fees from her client. The client believed that the respondent filed the malpractice claim shortly after undertaking the representation in 1991. In December of 1994, concerned about the status of her claim, the client contacted the Indiana Department of Insurance and learned that the respondent had never filed a malpractice claim on her behalf. The client terminated the representation on January 3, 1995. Ultimately, the

7. Professional Conduct Rule 5.5(a) provides:

A lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.

8. Professional Conduct Rule. 1.5(c) permits the use of contingent fees in certain cases, but requires contingent fee agreements to be in writing and to state the method by which the fee is to be calculated.

respondent returned to the client case file materials to which the client was entitled. During the course of the representation, the respondent was suspended from the practice of law but failed to reveal that fact to the client.

By failing to take action in pursuance of her client's contemplated claims and failing to inform the client of the status of the matters or to adequately explain the matters to the client, the respondent violated Prof. Cond.R. 1.3 and 1.4. By failing to return to the client case file materials to which she was entitled upon termination of the representation, the respondent violated Prof.Cond.R. 1.16(d).[9] By failing to take any action on behalf of the client or to inform her of her suspension from the practice of law, the respondent engaged in conduct that was prejudicial to the administration of justice in violation of Prof.Cond.R. 8.4(d).

Under Count VI, the parties agree that on November 16, 1994, the respondent was charged with operating a motor vehicle while intoxicated. Because conviction of that offense would have represented her second OWI offense within the five years immediately preceding the charge, it was charged as a Class D Felony. On May 16, 1996, the respondent pleaded guilty to the charge, and was sentenced under alternative misdemeanor sentencing provisions to one year incarceration, with all but two days of that suspended.

A pattern of repeated offenses may indicate an indifference to legal obligation. *Comment* to Prof.Cond.R. 8.4. The respondent's repeated OWI offenses represent such indifference and therefore adversely affect her fitness as a lawyer and an officer of this Court. *See, e.g., In re Stults,* 644 N.E.2d 1239, 1242 (Ind.1994) (lawyer's OWI conviction while released on bail pending prosecu-

tion of another criminal charge indicated "history of criminal conduct emanating from the illegal use of drugs and misuse of alcohol" in violation of Prof.Cond.R. 8.4(b)); *In re Eddingfield,* 572 N.E.2d 1293, 1296 (Ind. 1991) (driving under the influence and resisting arrest violated Prof.Cond.R. 8.4(b)); *In re Coleman,* 569 N.E.2d 631 (Ind.1991) (lawyer's repeated DWI offenses violated Prof. Cond.R. 8.4(b)).[10] We therefore find that the respondent violated Prof.Cond.R. 8.4(b) because, by her conviction of an OWI offense punishable as a felony, she committed a criminal act which reflects adversely on her trustworthiness and fitness to practice law.[11]

Having found misconduct, we now assess the appropriateness of the agreed sanction. Relevant to this analysis are several mitigating factors submitted by the parties. The parties agree that the respondent has obtained the client files that were in her possession at the time she closed her law practice and is working to distribute those remaining file materials to all her former clients. Further, respondent has made full and free disclosure of the circumstances surrounding her misconduct to the Commission and has maintained a cooperative attitude toward the proceedings. Finally, respondent has expressed remorse for the effects of her misconduct on her former clients.

Despite these mitigating factors, the respondent's misconduct is nonetheless severe. Her repeated failure to act on her clients' behalves led to loss of legal remedies. She later compounded her inaction by failing to communicate with clients about the status of their actions. We also view her open defiance of this Court's 1994 order of suspension as indicative of an inability or refusal to obey the obligations imposed by this Court. Her defiance was so severe that it formed the basis for our finding her in contempt. *In re*

---

9. Professional Conduct Rule 1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.

10. *Cf. In re Oliver,* 493 N.E.2d 1237, 1240 (Ind. 1986) (isolated conviction of misdemeanor OWI, where there was no evidence that the respondent

had a chronic alcohol problem or that he was otherwise a multiple offender found to not violate Rule 1–102(A)(3) of the *Code of Professional Responsibility* as conduct involving "moral turpitude.")

11. Professional Conduct Rule 8.4(b) provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

*Kight,* Case No. 94S00–9504–CO–492 (Ind. 1995) (found in contempt of this Court for "numerous and repeated activities constituting the practice of law" after her May 27, 1994 suspension; sentenced to a 10–day term of incarceration). Therefore, we are satisfied that a lengthy suspension from the practice of law is appropriate in this case and accept the parties' suggested sanction.

It is, therefore, ordered that respondent Paula Thrun Kight be suspended from the practice of law for a period of not less than three years, beginning October 24, 1997, after which she may petition this Court for reinstatement, provided she meets the requirements of Admis.Disc.R. 23(4).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against respondent.

