**In the Matter of Michael B. McNEIL.**

**No. 85S00–9801–DI–28.**

Supreme Court of Indiana.

Dec. 30, 1998.

Kevin P. McGoff, Kiefer and McGoff, Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

Because the respondent, Michael B. McNeil, was convicted of possession of marijuana, we today find that his conduct violates the *Rules of Professional Conduct for Attorneys at Law.*

The respondent is an attorney admitted to the practice of law in this state in 1991. He and the Disciplinary Commission have submitted for our approval a *Statement of Circumstances and Conditional Agreement for Discipline* wherein they agree that the respondent was convicted in Wabash Circuit Court on May 20, 1997, of possession of marijuana, a class A misdemeanor, and of possession of paraphernalia, a class A infraction. The court sentenced him to ·one year imprisonment, with the time suspended subject to probation, fined him $600, and ordered that his driving privileges be suspended for a period of six months.

Indiana Professional Conduct Rule 8.4(b) provides that it is professional misconduct for a lawyer to commit a criminal act which reflects adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects. A lawyer's possession of marijuana tends to reflect adversely on his fitness to practice law because it "indicates an inevitable contact with the chain of distribution and trafficking of illegal drugs." *Matter of Jones,* 515 N.E.2d 855, 856 (Ind.1987). The impact of that association is of such severity that it affects adversely the public's perception of the respondent's fitness to be an officer of the court. *Id.* Accordingly, we find that the respondent violated Ind.Professional Conduct Rule 8.4(b).

The parties agree that the respondent should be publicly reprimanded for his misconduct. In support of that conclusion, they point to several cases where, in resolution of attorney disciplinary charges, this Court publicly admonished lawyers who had been convicted of crimes similar to the one the respondent committed. *See, e.g., Matter of Roche,* 540 N.E.2d 36 (Ind.1989); *Matter of Jones, supra; Matter of Turner,* 463 N.E.2d 477 (Ind.1984). We do note, however, that each of those cases were resolved under the old *Code of Professional Responsibility,* and not the presently controlling *Rules of Professional Conduct.*

Due to several mitigating factors present in this case,[1] we are persuaded that a public reprimand is adequate in this instance and thus accept the parties' agreed resolution of this matter.

Accordingly, the respondent, Michael B. McNeil, is hereby reprimanded and admonished for his misconduct.

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals

---

1. Following his arrest, the respondent voluntarily submitted to drug testing on a monthly basis and was evaluated by a health care professional whose report indicated that he was not dependent on marijuana or any other drug. Additionally, he publicly apologized for his actions to the court, community, and his family via local newspaper and in open court.

for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against respondent.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.

DICKSON, J., dissents, believing a public reprimand to be insufficient punishment.