**In the Matter of Richard A. WEIR.**

No. 18S00–9409–DI–920.

Supreme Court of Indiana.

July 16, 1996.

---

**680**

Kevin P. McGoff, Kiefer & McGoff, Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Indiana Supreme Court Disciplinary Commission, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

The respondent, Richard A. Weir, has been charged with professional misconduct stemming from three acts involving indecent behavior. Specifically, the respondent has been charged under three counts with violating Ind.Professional Conduct Rule 8.4(d)[1] and under one count with violating Prof. Cond.R. 4.4.[2] The Disciplinary Commission and the respondent have tendered a *Statement of Circumstances and Conditional Agreement for Discipline* in accordance with Ind.Admission and Discipline Rule 23(11)(c). Under the terms of this agreement, the respondent is to be suspended from the practice of law for a period of no less than one year. We choose to accept this agreement in that it presents the most expeditious way of removing respondent from the practice of law without requiring innocent persons to detail respondent's indecencies. Had respondent not sought to resolve this matter by agreement, our discipline would have been much more severe.

Accepting the agreement, we now find under Count I that while serving as Deputy Prosecuting Attorney in the Muncie City Court, on July 25, 1991, the respondent informed a female defendant arrested for *Mi-nor Consumption for Alcohol* that he was willing to resolve her case by pre-trial diversion. At the respondent's request, the defendant met with respondent in his office. While the defendant was present in the respondent's office, respondent fondled his genitals the entire time the defendant was present. Before defendant left the office, the respondent indicated that he would dismiss the case instead of placing the defendant in pre-trial diversion.

Under Count II, the parties have agreed and we find that on September 2, 1993, the respondent met with a female client in his office and discussed the possibility of her filing bankruptcy. During the course of discussion, respondent placed his hand under his desk. The client heard the sound of a zipper and observed suggestive arm movements. As this client was leaving the office, she turned and noticed that the respondent was rubbing his genital area.

Again accepting the agreement of the parties, we find under Count III that in the fall of 1994, the respondent was retained by a Ball State University student to represent her in a criminal matter involving consumption of alcoholic beverages by a minor. As part of the fee arrangement, the client agreed to babysit for the respondent on two occasions. On or about February 15, 1995, this client babysat for the respondent at his home. While the client was present, the respondent exposed himself and began masturbating in her presence without authorization, approval or consent.

By reason of the above noted findings of fact, this Court now concludes that the respondent engaged in conduct prejudicial to the administration of justice under all three counts and accordingly violated *Prof.Cond.R. 8.4(d)*. This Court further concludes that under Count II, the respondent engaged in conduct intended to embarrass a third party and accordingly violated *Prof.Cond.R. 4.4*.

---

1. *Professional Conduct Rule 8.4(d)* provides that "it is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice."

2. *Professional Conduct Rule 4.4* provides that, "in representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, . . . ."

In mitigation, the parties advise this Court that there is no record of prior misconduct on the part of the respondent; he has performed community service in the Delaware County area. Respondent is remorseful for his actions. Additionally, the respondent has significant family responsibilities as the single parent of two children, one of whom suffers from autism.

As previously noted, the parties have agreed to a one year period of suspension and this Court has accepted the agreement under the circumstances presented by this case. After this period of suspension, respondent will not be eligible for reinstatement unless he can establish by clear and convincing evidence before the Disciplinary Commission that he meets the criteria for reinstatement under Admis.Disc.R. 23(4)(b), including his fitness to be safely recommended to the legal profession, courts, and the general public.

Accordingly, in light of the violations of *Prof.Cond.R. 8.4(d) and 4.4* found in this case, the respondent, Richard A. Weir, is hereby suspended from the practice of law for a period of one (1) year without automatic reinstatement beginning August 19, 1996.

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and DeBRULER, SULLIVAN and SELBY, JJ., concur.

DICKSON, J., votes to reject the agreement, believing that the respondent should be disbarred in this case.