In the Matter of Paul D. EDMISTON.

No. 12S00–9810–DI–615.

Supreme Court of Indiana.

May 25, 2000.

James Voyles, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Seth T. Pruden, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission charged the respondent, Paul D. Edmiston, with violating the *Rules of Professional Conduct for Attorneys at Law* for committing a criminal act, public indecency, which reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects. Our jurisdiction in this case is derived from the respondent's admission to the bar of this state on October 10, 1973. The Disciplinary Commission and the respondent have entered into a *Statement of Circumstances and Conditional Agreement for Discipline*, which we accept. This opinion sets forth the facts and circumstances of this case.

The respondent and the Commission agree that, during relevant times, the respondent was serving as the chief deputy prosecutor for Clinton County, Indiana. On June 23, 1998, the respondent was found guilty in the Marion Superior Court of three counts of public indecency, each a class "A" misdemeanor. These convictions stemmed from the respondent's conduct on three separate occasions in 1996, when witnesses observed the respondent with his penis exposed, masturbating in an Indianapolis office building while following female office workers. The respondent was sentenced to a one year suspended sentence on each of the three counts and was placed on probation for a period of two years.

The respondent was serving as the chief deputy prosecuting attorney of Clinton County when he committed his criminal acts. Further, we cannot overlook that the respondent was previously accused, arrested, and charged with conduct nearly identical in nature to that which he was convicted in this case. Although acquitted in the earlier case after a court trial, the fact that he had been accused and charged of that conduct clearly had little deterrent effect on the respondent when he engaged in the conduct for which he was charged in 1998. We are also mindful of the serial nature of the respondent's criminal acts. For these reasons, we find that the respondent's commission of the crime of public indecency reflects adversely on his trustworthiness and fitness as a lawyer in

violation of Ind.Professional Conduct Rule 8.4(b).

We now turn to assessment of the sanction to which the parties have agreed, that being a suspension from the practice of law for two years. That the respondent was serving as the chief deputy prosecuting attorney aggravates his misconduct. We also note that the respondent's criminal actions cannot be attributed to ignorance of the law or an instantaneous lapse of judgment. Instead, three times the respondent purposefully engaged in criminal conduct for his own selfish gratification. We therefore ascribe a high degree of culpability to his actions.

Similar acts by lawyers have resulted in harsh sanction. For example, this Court suspended for one year a lawyer who masturbated in the presence of female clients and his babysitter. *Matter of Weir*, 668 N.E.2d 679 (Ind.1996). A lawyer who engaged in non-consensual touching of young males, including his clients, was suspended for not less than three years. *Matter of Wells*, 572 N.E.2d 1290 (Ind.1991). We accept the present conditional agreement's provision calling for a two year suspension.

It is, therefore, ordered that the respondent be suspended for a period of not fewer than two (2) years, beginning July 3, 2000. At such time as the respondent completes this term of suspension, he may seek reinstatement to the bar of this State, provided he satisfies the requirements set forth in Ind.Admission and Discipline Rule 23(4).

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against the respondent.